# WINTER *vs.* THE STATE.

[INDICTMENT FOR KEEPING RESTAURANT WITHOUT LICENSE.]

1. *What constitutes an eating-house.*—An oyster-stall, in a room which is also used for retailing spirituous liquors, at which raw oysters are sold by retail, with pepper, salt and crackers, and eaten at the stand, is an eating-house, within the provisions of the revenue law. Code, §§ 397, 399.
2. *Criminal liability of agent.*—It is no defense to an indictment for keeping an eating-house without a license, that the defendant carried on the business on account of an employer, and not for himself.

From the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE prisoner was indicted for keeping a restaurant, or eating-house, without a license. The evidence was, in substance, that he, as a clerk of Hodge & Reel, kept an oyster-stand in one corner of a regularly licensed bar-room belonging to one Woodward; that raw oysters, with crackers, pepper, salt, &c., but nothing else, were sold by retail at said stall, and there eaten by the purchasers; and that the prisoner was employed at a monthly salary by said Hodge & Reel, and had no interest whatever in the profits of the business. On this evidence, the court charged the jury, that if they believed the evidence, the oyster-stand came within the provisions of the Code, requiring a license for the keeping of a restaurant, or eating-house; and that the fact of defendant's employment by Hodge & Reel, his principals, was no defense to him. An exception was reserved to each part of this charge, and it is now assigned as error.

E. S. DARGAN, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra*.

WALKER, J.—One who, as a business, retails oysters in a house at a stall kept for the purpose, and furnishes them with the necessary accompaniments of pepper, salt, and crackers, to be eaten when purchased at the stall, must be regarded as keeping an eating-house; and it is not the less an eating-house because the oysters are purchased and eaten in the raw state. The fact that a different individual carries on the business of retailing in another part of the same room, does not prove that he who keeps the oyster-stall does not keep an eating-house. The oyster-seller may keep an eating-house, and the liquor-seller a drinking-house, in the same apartment.

It is no defense, for one charged with keeping an eating-house, that he carried on the business on account of an employer, and not for himself.

Judgment affirmed.