# Wilcox v. The State.

*Indictment against Licensed Retailer, for Suffering Gaming in his House.*

1. *Suffering gaming on premises of licensed retailer.* — A licensed retailer, or the proprietor or keeper of a house in which spirituous liquors are retailed, who would relieve himself from criminal liability for suffering gaming in his house (Rev. Code, § 3625), must do something more than merely to forbid or remonstrate against the playing; he must use all legal and peaceable means to prevent it.

2. *Same; criminal liability of agent.* — An agent or servant, having the superintendence of a house where spirituous liquors are retailed, and who suffers gaming on the premises (Rev. Code, § 3625), is not relieved from criminal liability, because his principal had knowledge of the gaming, and did not prevent it.

FROM the Circuit Court of Jefferson.

Tried before the Hon. W. S. MUDD.

The defendant in this case was indicted, under section 3625 of the Revised Code, for suffering gaming in a house kept by him, in which spirituous liquors were retailed. He reserved a bill of exceptions on the trial to several rulings of the court, which are now assigned as error, and which will be readily understood from the opinion of the court.

PORTER & MARTIN, for the defendant.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The charge given by the court seems to us free from error. The fact was not disputed, that the defendant was the keeper or superintendent of a "house where spirituous liquors were sold or retailed." The evidence most favorable for him is, that certain persons there, in his presence, in the night-time, commenced playing at cards; that he forbade and remonstrated against the playing, but the players continued until they finished the game, when the defendant directed all the persons in the house to leave, extinguished the lights, and closed his doors. The court charged the jury, if

[Wilcox v. State.]

these were the facts, the defendant was guilty under the statute (R. C. § 3625) under which he was indicted. In this opinion we concur. To constitute the offence denounced by this statute, it is not necessary that the proprietor, keeper, or superintendent of the house where spirituous liquors are retailed, should assent to, or approve the gaming. It is enough that he tolerates it, or fails to use the means necessary to prevent or hinder it. Nor is it necessary that he should assent to, or tolerate the playing an entire game at cards or dice. Any playing, whether of an entire game or part of a game, or for a longer or shorter time, is within the evil the statute intends to suppress. The proprietor, keeper, or superintendent of a house in which spirituous liquors are sold or given away, who would relieve himself from the penalty of this statute, must do something more than merely to forbid, or remonstrate against the gaming. Such forbidding and remonstrance are too easily feigned, and would be too often resorted to merely as a subterfuge or an evasion, to be allowed as an answer to a prosecution under the statute. If it should be allowed, the statute would, to a great degree, become impotent to suppress the evil against which it is directed. The defendant could, when he first discovered the playing, and his commands and remonstrances were unheeded, have done that which he waited until the game was finished to do, — have extinguished his lights, and thereby hindered and prevented the gaming. Not having done this until the game was finished, he suffered the playing of cards, because he could have legally and peaceably prevented it; and this subjects him to the penalty of the statute.

2. In refusing the charge requested, the court did not err. If the charge intends to assert the proposition, that an agent or servant can excuse himself from liability for an infraction of the criminal law, because the act was done in the course of his servitude or agency, it is unsupported by authority, and by the facts as found in this record. *State* v. *Bell*, 5 Porter, 361 ; *Winter* v. *State*, 30 Ala. 22. It could not, so far as this record discloses, be within the course of the defendant's agency or servitude to suffer gaming, prohibited by law, on the premises under his control. If it was intended by the charge to assert the proposition, that because the defendant's principal, the proprietor of the premises, had knowledge of the gaming, and made no effort to prevent it, then the defendant would not be liable, it cannot be supported. We doubt, if this is what was intended by the charge, whether there is evidence in the record authorizing it. But, if there is such evidence, the proposition is incorrect. The proprietor and agent would both, in the case supposed, be guilty; but the guilt of the one

[Wood v. State.]
would not relieve the other. If a principal authorizes his agent to violate the law, he and the agent are equally guilty.

There is no error in the record, prejudicial to the defendant, and the judgment is affirmed.