# Cawthorn *v.* The State.

*Prosecution for Unlawful or Wanton Killing of Stock.*

1. *Madison County Court; when appeal lies.*—Under the act " to regulate the trial of misdemeanors in Madison county," approved February 9th, 1877, an appeal lies directly to this court, from the judgments of said County Court, in criminal cases commenced in that court, as well as in cases transferred to it from the Circuit Court under the provisions of that act.

2. *Judgment on facts; when not reversed.*—On appeal from the judgment of the County Court, in a cause which was tried before the judge without a jury,

[Cawthorn v. The State.]

if the record shows that the judgment is founded upon conflicting oral testi-
mony, this court will not disturb it, unless it is manifestly wrong.

3. *Proof of venue.*—When the bill of exceptions purports to set out all the
evidence adduced, and shows no proof of the venue, a judgment of conviction
will be reversed.

FROM Madison County Court.
Tried before the Hon. WILLIAM RICHARDSON.

This was a prosecution for unlawfully or wantonly killing
a cow, the property of Mrs. Mattie McMullen, and was com-
menced and tried in the County Court. On all the evidence
adduced, which is set out in the bill of exceptions, " the
court found the defendant guilty, and fined him ten dollars;"
to which judgment and decision the defendant duly excepted.
It is unnecessary to state the evidence.

BRANDON & JONES, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The regularity of the present appeal must be
tested by the provisions of the act " to regulate the trial of
misdemeanors in Madison county," approved February 9th,
1877.—Pamph. Acts, 149. The Attorney-General moves to
dismiss the appeal, as not authorized by that act. The pre-
sent proceeding is not of the class of cases transferred from
the Circuit to the County Court, for which that act makes
provision. It originated in complaint before, and warrant
issued by the County Court, and, hence, was tried without
an indictment. The point made by the Attorney-General is,
that the section of the statute in question, giving an appeal
directly to this court in the first instance, is limited and con-
fined to cases which originate in the Circuit Court, by indict-
ment found there, and are transferred to, and tried in the
County Court.

The second section of the statute requires, that the pre-
siding judge of the Circuit Court shall, on the day of adjourn-
ment of each term, enter on the minutes of his court an order
requiring the clerk " to deliver to the judge of the County
Court all indictments presented or filed in the Circuit Court,
and not finally determined, against persons charged with
misdemeanors, except violations of the revenue laws; and
after the making of such order, the jurisdiction of the Circuit
Court shall cease, and exclusive jurisdiction shall vest in the
County Court." The third section makes the clerk of the
Circuit Court, *ex officio*, clerk of the County Court, and pre-
scribes his duties ; one of which is, " where arrests have not

been made, to issue capiases forthwith, returnable to the first day of the next term of the County Court."

The fourth section of the act is as follows : "That it shall be the duty of the judge of the County Court to hear counsel, and decide these causes without a jury, unless the defendant demands a jury; but the question must be put to the defendant, whether he will have a jury; and if he waive a jury, it must be entered of record. But, if a jury is demanded, and in no other case, the court shall order the sheriff of said county to summon, *instanter*, twenty-four free- or householders of the county, from whom a jury shall be impanneled; the procedure of the trial, except as altered by this act, to be the same as is now provided by law for like cases in the Circuit Court." Section five relates to amendments of indictments. Section six makes certain provisions of the Code applicable to proceedings in the County Court of Madison. These relate to forfeitures against defendants, and against witnesses.—See sections 4710 to 4715, inclusive, Code of 1876. Section 4715, thus made applicable, directs that, "When a forfeiture has been taken against a defendant and the sureties on his bail-bond, it shall be the duty of the court to issue another warrant of arrest against the defendant," &c. Section seven provides, "that the defendant in all cases, whether tried by a jury, or by the court on waiving a jury, shall have the right of appeal to the Supreme Court only." Section eight makes it the duty of the solicitor of the judicial circuit, in which Madison county is situated, "to attend said County Court, either in person or by deputy, and prosecute for the State all cases therein," &c. Section nine requires four terms of the court to be held in each year, and fixes the time and duration of the terms. Section ten declares the compensation or fees the judge shall receive; and section eleven repeals "all laws and parts of laws in conflict with" the act we are considering.

The following clauses in this statute tend to confirm the view pressed by the Attorney-General : In section four, the duty cast on the judge, to "decide these causes without a jury, unless the defendant demands a jury;" in section six, the words, 'in all cases transferred as above;" and in section seven, the words, "the defendant in all cases, whether tried by a jury, or by the court on waiving a jury." These expressions, uninfluenced by others in the statute, tend to show that the enactment has exclusive reference to causes transferred from the Circuit to the County Court under its provisions. There are other clauses, however, not reconcilable with this view. The caption of the act, "To regulate the trial of misdemeanors in Madison county;" the first sec-

tion, which confers on the County Court "concurrent jurisdiction with the Circuit Court of said county, for the trial of all misdemeanors, except violations of the revenue laws;" the clause, in section three, which provides for a clerk of said County Court; the words, "in all cases," found in section seven; the duties cast on the solicitor of the circuit in section eight; changing the terms from monthly to quarterly, in section nine; the repealing clause in section eleven—all these indicate a purpose to effect a radical change in the organism and functions of the court, and to elevate its jurisdiction to a much higher grade. In the County Court of Madison, as re-constituted under this statute, it is evident that monthly terms are abolished, and quarterly terms substituted in their stead; a clerk of the court is created, and it is made the duty of the solicitor to attend its sittings. It would scarcely be contended that the functions of the clerk and solicitor are limited to causes transferred from the Circuit to the County Court; and yet, the argument in favor of such position would seem as plausible, as that which impliedly asserts, at least, that the old, unchanged rule as to trial and appeal still obtains in causes originating in the County Court, while, in transferred causes, the new and entirely different rule must be observed. We have found difficulty in arriving at any satisfactory interpretation of this statute; but, looking to what appears to be the general intent of the law, and consulting the harmony of proceedings in the Madison County Court, we hold that the main provisions of the statute under discussion, which relate to trials in, and appeals from that court, are applicable to all criminal trials had therein. This includes the right of the defendant to have his cause tried by a jury, unless he waives it. The motion to dismiss the appeal must be overruled.

2. In the trial of this cause in the County Court, there was some conflict in the testimony. The testimony of Mrs. McMullen tended to prove the cow or yearling was her property. Her testimony was somewhat corroborated by other testimony given. Other witnesses were examined, as to prior conversations had by her, which, if believed, were calculated to weaken, if not discredit her evidence. The judge of the County Court had these witnesses before him, and could observe their manner of testifying, as well as the intelligence with which they made their statements. His opportunities for weighing the testimony were much better than ours; and he found the defendant guilty. We will not reverse his judgment on the facts so found and pronounced, unless it is manifestly wrong.—*Harwood v. Harper*, 54 Ala. 659; 1 Brickell's Dig. 775, § 24: *Ex parte McAnally*, 53 Ala. 495; *Ex parte*

*Nettles*, 58 Ala. 268.   There is not enough in this record to justify us in reversing the finding of the County Court on this question.

3. On one point the judgment of the County Court must be reversed.   The bill of exceptions states that it contains all the evidence.   There is no testimony that the cow was killed in Madison county.   This was indispensable.—*Frank v. The State*, 40 Ala. 9 ; *Bain v. The State*, 61 Ala. 75.

Reversed and remanded.   Let the prisoner remain in custody, until discharged by due course of law.