# McCarthy *v.* Zeigler.

*Appeal from Judgment rendered by Court on Facts, a Jury being Waived.*

1. *Supreme Court; power to review case submitted to decision of court without jury.*—When an issue of fact is submitted to the decision of the court in a civil action without the intervention of a jury, this court can only review the sufficiency of the facts to support the judgment when there has been a special finding which has been reduced to writing and entered on the minutes of the court.

2. *Special finding; what is not*—The sole question of fact being the delivery, *vel non*, of a deed by the deceased grantor in his life-time, the bill of exceptions set out all the evidence adduced and added: "Upon this evidence, the cause was submitted to the court as a question of law, whether the said grantees held the title to said property under said conveyance, or whether the property belonged to the estate of the deceased grantor, and to the rulings upon said finding of facts the plaintiff excepted," while the judgment entry, after reciting the submission of the cause to the court without a jury, added, "and the court upon due consideration of the same, is of opinion that the plaintiff is not entitled to recover." *Held*, that the record did not show a special finding on the facts, and this court could not revise the judgment.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. H. T. TOULMIN.
No statement of facts is necessary.

G. L. SMITH, for appellant.

OVERALL & BESTOR, for appellee.—As this cause was submitted to the court without the intervention of a jury this court will not revise the action of the Circuit Court in its decision of the facts.—18 Ala. 566.

SOMERVILLE, J.—Where, in a civil case, a jury is waived by the parties, and an issue of fact is submitted to the determination of the court, it is provided by the statute, that "in such case the finding of the court upon the facts shall have the same effect as the verdict of a jury."—Code (1876), § 3029. It is further provided that this court, in the exercise of its appellate jurisdiction, may review the sufficiency of the facts to support the judgment of the inferior court only where there has been a *special* finding of the facts at issue between the parties.—Code, §§ 3030-31.

The sole question of fact to be determined in this case was, the delivery or non-delivery of a certain deed to real estate executed and duly acknowledged by one James McCarthy, but retained in his possession until his death, when it was obtained by the grantees under claim that it had been constructively delivered to them during the grantor's life.

The evidence bearing on this issue was not without conflict, and is recited in the bill of exceptions, which concludes, thereupon, as follows : "Upon this evidence the cause was submitted to the court to decide, as *a question of law*, whether the said trustees, Christopher and Kate Johnson [the grantees in the conveyance] held the title to this property under the said instrument, or whether the property belonged to the estate of James McCarthy and entitled the administratrix to the rents from said Zeigler, the defendant. And to the rulings of the court upon said *finding of facts* the plaintiff excepted," &c.

The record fails to disclose any such "special finding of facts" as is demanded by the statute before this court can assume jurisdiction to review the conclusions of the Circuit Court on the evidence. This finding is required to be not only *special*, as opposed to a general finding, but is required to be "reduced to writing and entered upon the minutes of the court."—Code, § 3030.

The judgment entry, in its recitals, does not fulfill the exactions of the statute. After stating that the case was submitted for trial without the intervention of a jury, it concludes as follows: "And upon due consideration of the same the court is of opinion that the plaintiff is not entitled to recover, and hence judgment is rendered for the defendant." This was a general and not a special finding by the court, and the assignment of error based on an exception to

it does not authorize us to revise the judgment of the lower court on the evidence. Such judgment is conclusive in the appellate court, and no more the subject of revision than would be the verdict of a jury in a common law court. Code, § 3029; *Etheridge v. Malempre*, 18 Ala. 566.

The judgment is affirmed.