# Summers *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Waiver of trial by jury; revision of judgment on evidence.*—In a prosecution for a misdemeanor, a trial by jury being waived, and the case submitted to the court for decision, the judgment on the facts, though excepted to, is not revisable; nor would this court reverse such judgment, unless under circumstances which would authorize the court below to set aside a verdict of guilty rendered on the same evidence.

FROM the County Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

The defendant in this case was indicted, in October, 1880, for carrying concealed weapons; and the prosecution was transferred into the County Court, where the following proceedings were had, as shown by the bill of exceptions: "The defendant waived a jury, and the cause was heard and determined by the presiding judge without a jury. On the trial, the State introduced Frank Washington as a witness, who testified that, in the year 1880, before the finding of the indictment, the defendant came into his store in the town of Stevenson, in said county, and proposed to swap a pistol for a watch; that witness was standing, when defendant came in, in the front end of his store; that he refused to swap his watch for a pistol, but said he would swap pistols with defendant; that they walked to the rear of the store, where he got his pistol, handed it to the defendant, and walked back to the front part of the store; that he again returned to the rear, where the defendant was standing, having his pistol in his hand; that defendant said, 'My pistol is worth two of yours;' that he (witness), after some conversation about the trade, put his pistol away, and again walked towards the front of the store; that, when he again returned to where defendant was, he did not see defendant's pistol; that they then walked to the front of the store, and the defendant went out; that he only saw defendant's pistol while defendant held it in his hand, but don't know where he got it, nor where he put it, and did not see him get it; that he did not see it concealed, and did not see it when defendant came in, nor when he went out of the store, but he was not observing defendant at that time; that he could not state whether the defendant had the pistol concealed about his person on that occasion, or not; that he might have deposited the pistol somewhere in the store before he (witness) saw him with it, but, if he did, witness knew nothing about it; that he knew defendant's general character,

[Summers v. The State.]

and it was good. This was all the evidence, and on this evi-
dence the court found the defendant guilty," and rendered a
judgment against him for $50 and costs. "The defendant ob-
jected to the finding of the court or judge, and to the judgment
as rendered, on the ground that the evidence was insufficient,
and did not warrant or authorize the court to find the defend-
ant guilty. The court overruled the said objection, and the
defendant excepted."

H. C. Tompkins, Attorney-General, for the State.

STONE, J.—Under the act "To regulate the trial of misde-
meanors in Jackson county," approved February 9th, 1881
(Pamph. Acts, 232), the judge of the County Court was author-
ized to hear counsel and decide the present cause without a jury,
unless the defendant demanded a jury. The defendant waived
his right of trial by jury, which waiver was entered of record.
*Connelly v. The State*, 60 Ala. 89. Section 7 of the act refer-
red to secures to the defendant, whether tried by a jury or by
the court, the right to "reserve by bill of exceptions any ques-
tion of law arising in any of the proceedings," in like manner
as provided for in similar cases in the Circuit Court, by sections
4978 to 4992 of the Code of 1876. Under this statute, and
its proper construction, no question is so presented in the pres-
ent case as that we can consider it. We have nothing but the
evidence, and the judgment of guilty pronounced on that evi-
dence. Such finding on testimony is not revisable, except on
principles not presented by this record.—*Cawthorn v. The State*,
63 Ala. 157; *Nooe's Ex'r v. Garner's Adm'r*, at present term.

But there is another principle which would render it unnec-
essary that we should, in this case, decide the question raised
above. The statute authorized the judge of the County Court
to try the facts, unless the defendant demanded a jury. The
witness for the prosecution testified in the presence of the court,
and the court was called upon to observe his manner, and weigh
his testimony. In such case, the rule is, not to reverse the
finding of the primary court, unless a presiding judge would
set aside a jury's verdict of guilty, rendered on similar testi-
mony.—*Nooe's Ex'r v. Garner's Adm'r*, at the present term.
Applying that rule to this case, we do not hesitate to affirm
that no judge at *nisi prius* would feel authorized to set aside a
verdict of guilty, rendered on the evidence found in this re-
cord.

Affirmed.