# Gilliam *v.* The State.

*Indictment for Trading in Farm Products between Sunset and Sunrise.*

1.   *Finding of facts by County Court of Hale; effect of on appeal.*—When a criminal case is tried in the County Court of Hale county, without the intervention of a jury, under the statute, this court will not revise the findings of fact by the judge trying the case, and reverse the judgment of that court thereon, unless it is plainly erroneous.

2.   *Trading in farm products between sunset and sunrise; § 4369 of the Code construed.*—Under the statute prohibiting the selling, buying, etc., of the agricultural products therein designated after the hour of sunset and before the hour of sunrise of the next succeeding day (Code, § 4369), the want of the 'knowledge or consent of the owner of the products so prohibited to be bought, sold, etc., is not an element of the offense; and hence, his knowledge of the act, or consent thereto, when done by another, is no defense to a prosecution under the statute.

APPEAL from Hale County Court.

Tried before Hon. JAMES M. HOBSON.

The defendant was indicted at the spring term, 1881, of the Circuit Court of Hale county, for buying or receiving "a half bushel of corn of the value of fifty cents from Stephen Jones after the hour of sunset and before the hour of sunrise of the next succeeding day;" and the indictment was transferred to the County Court under the statute, where the cause was tried before the judge of said court without a jury, and the defendant was found guilty and sentenced to pay a fine of ten dollars and the costs of the prosecution; and from the judgment he appealed to this court, having reserved a bill of exceptions on the trial of the cause. The case made by the record is sufficiently stated in the opinion.

THOS. R. ROULHAC, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

[Ayers v. The State.]

BRICKELL, C. J.—We can not discover that the record presents any other question than the sufficiency of the evidence to authorize the conviction of the appellant. There may be some conflict in the evidence; parts of it tending to establish guilt, and parts tending to establish innocence. We can not revise the findings of fact by the judge of the county court, and reverse the judgment, unless it is plainly erroneous.—*Summers v. State*, 70 Ala. 16; *Cawthorn v. State*, 63 Ala. 157.

It is shown, the corn was delivered to the defendant, with the knowledge and consent of Walton, the owner. The want of his knowledge or consent is not an element of the offense with which the defendant is charged. It is the dealing or trading in the agricultural products mentioned, within the specified hours, the statute pronounces a misdemeanor.—Code of 1876, § 4369. If the owner of the products engage in such dealing, by selling, bartering, or otherwise disposing of them in the course of trade, within the prohibited hours, he is guilty of a misdemeanor, of the same kind and degree, and subject to the same punishment, as the person who buys and receives them. That the corn was disposed of with the consent of the owner, did not render the act of the defendant, in buying, or receiving it, inoffensive to the statute.

There was also evidence having a tendency to show that the defendant did not buy, or barter for the corn, and that he merely suffered it to be left in his house. There was also evidence tending to show a purchase by the defendant. The County Court had the witnesses before it, and gave credit to the evidence of a sale. We can not say it erred in the finding.

Affirmed.