# Howard *v.* The State.

## *Indictment for Living in Adultery.*

1. *Burden of proof, when death a material issue.*—When a person is shown to have been in life at a particular period of time, and seven years have not passed without intelligence from or concerning him, if the fact of his life or death becomes material, upon the party asserting death the law devolves the burden of proof.

2. *Presumptions of life and of innocence; nature of.*—In criminal cases, the presumption of life may not, under all circumstances, or generally, outweigh the presumption of innocence which the law indulges. Neither presumption is absolute, but both are disputable; and the weight to be attached to each must be determined by the facts of the particular case.

APPEAL from Choctaw Circuit Court.

Tried before Hon. WM. E. CLARKE.

This was an indictment for living in adultery or fornication, against Sim Howard and Lou Smith; and on the trial both were convicted. The evidence introduced on the trial tended to show that about three years prior to the trial, the defendant Howard removed from North Carolina to this State, accompanied by a woman he called his wife, whom he claimed to have married in the former State, they bringing with them children, and taking up their residence in Choctaw county; that about eighteen months prior to the trial said defendant returned to North Carolina, taking with him his wife and children, his mother-in-law and the defendant Smith, the latter then being a single woman, who had lived in Howard's family during his

[Howard v. The State.]

residence in said county ; that after an absence of two weeks, Howard returned to said county, bringing back with him only his mother-in-law, his children and the defendant Smith; that nine months after their return from North Carolina, defendant Smith gave birth to a child ; and that the defendants " lived together in said county as man and wife all last year, and up to the time the indictment was found. This being all the evidence, the court charged the jury, among other things, that the law placed the *onus* on the defendants to show that his wife was dead ; " and to this charge the defendants excepted.

Name of appellants' counsel not disclosed by the record. (No brief came to the hands of the reporter.)

H. C. TOMPKINS, Attorney-General, for the State.—The record presents but one question. The evidence showed that Howard was a married man, and that his wife was living within three years before the trial. The charge excepted to, in effect, instructed the jury that the presumption was, that she was living during the time of the commission of the act or acts charged. There certainly can be no question of the correctness of this instruction. The presumption of the law was, that the first wife was living; and, to overthrow that presumption, the burden was on the defendants to show that she was divorced.—1 Greenl. on Ev. § 41; *Williams v. State*, 34 Ala. 131; 2 Whart. Am. Law, § 1706.

BRICKELL, C. J.—There is no error in the instruction given to the jury by the circuit court. When a person is shown to have been in life at a particular period of time, and seven years thereafter has not expired without intelligence from or concerning him, if the fact of his life or death becomes material, upon the party asserting death the law devolves the burden of proof.—1 Green. Ev., § 41. In criminal cases, the presumption of life may not, under all circumstances, or generally, outweigh the presumption of innocence which the law indulges. Neither presumption is absolute ; either is disputable; and the weight to be attached to either must be determined by the facts of the particular case. It is most plain, from the circumstances of this case, that if the wife of the accused died before the commission of the offense with which he is charged, of the fact he had special knowledge, and especial opportunities and means of proving it. A few months only had passed since she was in life, under his care and protection ; and her death without his knowledge, if not impossible, was improbable. If a dissolution of the marriage, by death or otherwise, would have acquitted him of guilt, under these cir-

[Lee v. The State.]

cumstances, the law cast upon him the burden of proving it. Affirmed.