# Calloway *v.* The State.

| 75 | 37 |
| 105 | 325 |

*Indictment for Selling or Giving Spirituous Liquors to a Minor.*

1. *Trial by court without jury; when finding not reviewable by this court.* When a defendant charged with a misdemeanor is tried by the county court of Sumter county, without the intervention of a jury, under the provisions of the statute regulating the trial of misdemeanors in that county (Pamph. Acts, 1882–83, p. 214), the decision of the court upon the facts is equivalent, in legal effect, to the verdict of a jury, and, in the absence of statutory power, can not be reviewed by this court on appeal.

APPEAL from County Court of Sumter.
Tried before Hon. W. R. DeLOACH.
The facts are stated in the opinion.

J. J. ALTMAN, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The defendant is indicted for selling or giving spirituous liquors to a minor—the case having been transferred, under the statute, from the circuit court to the county court of Sumter.—Acts 1882–83, p. 214, sec. 2.

A special statute, regulating the trial of misdemeanors in this county, after authorizing such transfer, provides that the defendant "shall be entitled to a trial by jury, but should he waive the same, *the court* shall make an entry thereof, on the record, and *shall proceed to hear and determine the case.*" And an appeal from the judgment of the county court is allowed in such cases as from the trial of misdemeanors in the circuit courts of the State under the general law.—Acts, 1882–83, *supra*, sections 6 and 10.

The record shows that a jury was waived, and that the case was submitted to be tried by the court.

Our uniform rulings in cases of this character have been, that when parties waive the intervention of a jury, and substitute the court as the trier of the facts as well as of the law, the decision of the court upon the facts is equivalent in legal effect to the verdict of a jury, and can not be reviewed on error.—*Nooe v. Garner*, 70 Ala. 443, and cases cited on p. 447; *Summers v. The State*, 70 Ala. 16.

In *Bell v. The State*, delivered at the present term [*ante*, p. 25], the precise point was decided in conformity with the foregoing principle, the appeal being one from a county court, where the accused waived his right to a jury, and the facts were tried by the court. We declined to examine the evidence and determine whether it was of that degree and quantity to establish guilt of a criminal offense, observing that "the law attached to it the quality of conclusiveness in that respect when assailed on error." The rule, in other words, is this, that in as much as the finding of a jury on the facts by verdict is never reviewable in this court by appeal, or writ of error, so when the judge is substituted for the jury, his finding on the facts is not reviewable, whether in cases civil or criminal, unless the statute authorizing the appeal, expressly or by necessary inference, confers this particular jurisdiction on the appellate court.

The judgment of the county court must, in view of this principle, be affirmed.