# Quillman *v.* Gurley.

*Statutory Action in nature of Ejectment.*

1. *Submission of cause to court, without jury; conclusiveness of judgment.*—When a cause is, by agreement of parties, submitted to the decision of the court without a jury, and a special finding of the facts is not asked nor made (Code, §§ 2743-45), the judgment of the court is equivalent to the verdict of a jury; and though exception is reserved to it, the appellate court can not examine into the sufficiency of the evidence to support the judgment.

APPEAL from the Circuit Court of Madison.
Tried before the HON. H. C. SPEAKE.

[Quillman v. Gurley.]

CABANISS & WARD, for appellant.

R. C. BRICKELL, contra.

CLOPTON, J.—This case, being an action of ejectment, was tried by the court without the intervention of a jury. Under the statutes, the parties may waive a trial by jury, by agreement in writing, and submit the issue of fact to trial and determination by the court; in which case, the finding of the court upon the facts has the same effect as the verdict of the jury. The finding of the court may be general or special, unless a special finding of the facts is requested by both, or one of the parties; and if so requested, the court must state in writing the facts as it finds them, and such statement, with the judgment of the court, must be entered on the minutes. Either party has the right, by bill of exceptions, to reserve any ruling, opinion, or decision of the court, to which an exception could have been reserved if a trial by jury had not been waived, and is entitled to an appeal from the judgment of the court, as if it had been rendered on the verdict of the jury. If there is a special finding of facts, the Supreme Court must, on appeal, examine and determine whether the facts are sufficient to support the judgment.—Code, 1886, §§ 2743-2745.

The operation of the statute being that, when the parties waive a trial by jury, and consent that the court may be the trier of facts, there shall be the same right of appeal and reservation of question for revision on appeal, as if there had been a trial by jury, and the judgment had been rendered on their verdict, and no other or greater, the appellate court can not review the sufficiency of the evidence to support the judgment, except in the single instance of a special finding of the facts, entered on the minutes, as provided by the statute. A comparison of the sections of the Code of 1886 with the corresponding sections (3029-3031) of the Code of 1876, shows, that while there is some change in the language, and the collocation of phrases, there are no changes in any material respects. We must presume that, by the substantial re-enactment, the legislature intended the statutes should receive the same judicial construction, which had been previously placed upon them. By the uniform construction of the sections of the Code of 1876, when the finding of the facts was general, they were construed as attaching to it the quality of conclusiveness in that respect,

when assailed on appeal, as attached to the verdict of the jury; and in such case, this court has uniformly declined to review and determine the sufficiency of the evidence to support the judgment. The decision of the court was regarded as the equivalent of the verdict of the jury, and not reviewable on appeal or error.—*Calloway v. State*, 75 Ala. 37; *Bell v. State*, 75 Ala. 27; *Knowles v. State*, 80 Ala. 9; *Somers v. State*, 70 Ala. 16.

The finding of the court in the present case is general; there does not appear on the minutes any special finding of the facts.—*McCarthy v. Zeigler*, 67 Ala. 43. Unless there was a special finding, entered on the minutes, a review of the evidence and examination of its sufficiency to support the judgment would be a usurpation of jurisdiction. We must, therefore, decline to examine and determine the sufficiency of the evidence to support the judgment.

Affirmed.