# Cagle *v.* The State

*Indictment for Selling Spirituous Liquors without License.*

1. *Illegal sale of liquor by infant, or agent.*—A girl seventeen years old, living with her mother, may be convicted of selling liquor without a license and contrary to law (Code, §§ 4036-38), on proof that she measured out and delivered the liquor under the order or instructions of her mother, to whom it belonged, and to whom the money was paid by the purchaser.

FROM the Circuit Court of Etowah.
Tried before the Hon. JOHN B. TALLY.

[Munkers v. The State.]

W. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was convicted of selling spirituous liquors without a license, and contrary to law. The evidence showed that she was a minor, about seventeen years of age, and sold the liquor by instruction of her mother, and as her mother's agent or servant. This was no excuse for the act. There is no pretense that she was so far under the age of discretion by reason of infancy as to affect her legal capacity to commit crime. Nor does it avail that she had no interest in the article sold, and was only acting, without compensation, as the servant of the owner. No one can legally authorize another to do an act prohibited by law; and the agent can not, therefore, protect himself by showing the authority of his principal, where the same act, if done by the principal, would be indictable as a crime. The instruction from her mother, moreover, afforded the defendant no protection, in the absence of any evidence showing that she was acting under compulsion so as to deprive her of her free agency.—*Reese v. The State*, 73 Ala. 18; *Martin v. State*, 59 Ala. 34; 1 Whart. Cr. Law (9th Ed.), § 94*a*; 1 Bish. Cr. Law (7th Ed.), § 658; Bish. Stat. Crimes, § 1024.

The rulings of the court are free from error, and the judgment is affirmed.