# DuBose *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Carrying concealed weapons; commission of offense.*—The carry-
ing of a pistol in one's hands wrapped up in a towel, so as to
conceal the pistol from view or ordinary observation, is a vio-
lation of the statute prohibiting the carrying of a pistol con-
cealed about the person.

2. *Trial of case by court without jury; effect of judgment on ap-
peal.*—When a criminal case is tried by the county court of
Hale county without the intervention of a jury, as provided
for by statute, the Supreme Court, on appeal, will not revise
the finding of facts by the judge trying the case and reverse
the judgment of the court thereon, unless such judgment is
plainly erroneous.

APPEAL from the County Court of Hale.

Tried before the Hon. W. C. CHRISTIAN.

The appellant, Ike DuBose, was indicted, tried and
convicted for carrying a pistol concealed about his per-
son.

The evidence for the State tended to show that at an
entertainment the defendant had a pistol wrapped up
in a towel, which he carried in his hand, and unwrap-
ping it, asked one of the State's witnesses to deliver it
to a certain named person; that at the time the defend-
ant approached the witness, the pistol could not be
seen, but was entirely wrapped up in a towel.

The defendant's evidence tended to show that at the
time he approached the witness for the State he carried
the pistol in his hand and it was not wrapped up in a
towel, and that the pistol was not concealed in any way.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.
The case being tried by the court without the interven-
tion of a jury, the judgment of conviction will not be

reversed unless it is plainly and manifestly erroneous. *Gilliam v. State,* 61 Ala. 10 ; *Simmons v. State,* 71 Ala. 16.

If the testimony of the witness for the State was believed the defendant is guilty as charged in the indictment.—*Ramsey v. State,* 91 Ala. 29 ; *Warren v. State,* 94 Ala. 79; *Duffy v. State,* 86 Ala. 66.

TYSON, J.—This appeal is prosecuted from a judgment of conviction rendered by the county court. The proceedings appear to have been regular and in accordance with the provisions of the act of the General Assembly entitled an act "To confer additional jurisdiction upon the county court of Hale county, and to regulate the proceedings therein," approved February 12, 1879.—Acts, 1878-79 p. 291.

The trial was had before the judge without the intervention of a jury. No exceptions were reserved to the admission or exclusion of testimony. The only question presented is the sufficiency of the evidence to authorize the conviction.

If the evidence introduced by the State tending to show that the defendant had the pistol wrapped in a towel so as to conceal it, notwithstanding he had it in his hand, was believed by the judge, this authorized his conviction. The carrying of the pistol in his hand if concealed was in violation of the statute.—Code, § 4420 ; *Ramsey v. The State,* 91 Ala. 29. There was evidence offered by the defendant in conflict with the evidence introduced by the State. But we cannot reverse the findings of fact, on this account, unless it is plainly erroneous.—*Gilliam v. The State,* 71 Ala. 10. "In such case, the rule is not to reverse the finding of the primary court, unless a presiding judge would set aside a jury's verdict of guilty, rendered on similar testimony." *Summers v. The State,* 70 Ala. 16.

Affirmed.