## OLESON VS. THE STATE.

*Criminal law—Indictment—Aiding escape of prisoners charged with different crimes.*

1. An indictment under sec. 12, ch. 167, R. S., after reciting that, on &c., J. was lawfully confined in a certain county jail, charged with embezzlement and larceny, and that R. was on the same day confined in the same jail, charged with murder, and that both on that day escaped from said jail, charges that defendant, on said day, unlawfully &c., aided said J. and R. to escape from said jail, &c. *Held*, that it charges only a single offense, although the statute provides a different penalty for aiding an escape in the case of a prisoner charged with a capital crime from that provided in other cases.

2. On conviction under such indictment, the defendant would be liable to the *greater* penalty, and to that only.

4. A person imprisoned in the county jail at the time of his aiding the escape of other prisoners confined therein, is liable to the penalty prescribed in said section 12, ch. 167, R. S.

ERROR to the Circuit Court for *Dane* County.

*Oleson* was indicted under sec. 12, ch. 167, R. S., for aiding prisoners in the custody of the sheriff of said county, and confined in the county jail, to escape therefrom. The form of the indictment will sufficiently appear from the opinion, *infra.* After a verdict of guilty, *Oleson* moved in arrest of judgment, on the ground that one of the prisoners whom he was charged with having aided to escape, was confined upon charge of a capital offense, while the other was not, and the statute provides a different penalty for aiding an escape in the former case from that provided in the latter; and that under a general verdict of guilty, where two such offenses were united in one count, there could be no conviction or sentence. The motion was denied, and the prisoner sentenced to three years confinement in the state prison at hard labor, and to solitary confinement for ten days.

*Welch & Kissam* contended that plaintiff in error, being, at the time of the commission of the offenses charged in the indictment, an inmate of the jail, was not within the purview of sec. 12, ch. 167, R. S. Smith's Comm. on Con. and Stat. Law, secs. 739, 740. 2. A count in an indictment which charges two distinct offenses, is bad. Wharton's Am. Cr. Law (5th

ed.), sec. 382 ; Starkie's Cr. Pl., 272 ; Archbold's Cr. Pl., 49 ; *People v. Wright*, 9 Wend., 193 ; 1 Parker's Cr. R., 481 ; *Com. v. Gable*, 7 Serg. & R., 423 ; *Long v. State*, 12 Geo., 293 ; *State v. Fowler*, 8 Foster, 191 ; *U. S. v. Sharp*, 1 Peters' C. C., 131. 3. The general rule is, if the legal judgment on each would be materially different, as in felony or misdemeanor, then the joinder of several counts would be bad on demurrer, in arrest of judgment, or on error. Whart. Am. Cr. Law, sec. 418 ; *Young v. The King*, 3 Term, 103 ; *State v. Freels*, 3 Humph., 228 ; *Hilderbrand v. The State*, 5 Mo., 548 ; *State v. Montague*, 2 McCord, 257.

*Winfield Smith*, Attorney General, for the state, argued that the act charged in the indictment was single (Wharton's Am. Cr. Law, §§ 391–3 ; 2 Burr., 980 ; 2 East's P. C., 517 ; 20 Pick., 360) ; and that the allegations as to Johnson might be treated as surplusage—the offense being complete without them. Liberating him was a mere aggravation of the offense of aiding Ross to escape, being a further result of the same act. Wharton, §§ 622–24 ; 12 Wend., 430.

DOWNER, J. It is contended for the plaintiff in error that the indictment charges two distinct offenses, and is therefore bad. It sets out, first, that William H. Johnson was, on the 23d day of February, 1865, a prisoner in the common jail of Dane county, duly and lawfully committed, charged with embezzlement and larceny, and that he on that day escaped from the jail. It then sets out that Stephen Ross was on the same day a prisoner in the same jail, duly committed, charged with the crime of murder, and that he on the same day broke prison and escaped. Then follow the following words : " And the jurors aforesaid, upon their oath aforesaid, do further present that one *Peter Oleson*, late of said county of Dane, on the said twenty-third day of February, A. D. 1865, at the city of Madison, in said county of Dane, being then and there an inmate and prisoner in said jail, did unlawfully, wickedly and feloni-

ously aid and assist the said William H. Johnson and Stephen Ross (the said William H. Johnson and Stephen Ross being then and there prisoners in said jail lawfully committed and detained as aforesaid, and then and there in the lawful custody of George H. McDougal, sheriff and keeper of said jail) to escape from the said jail and lawful custody of said sheriff and keeper of said jail, contrary," &c.

It appears to us that this indictment charges but one offense. It charges the plaintiff in error with aiding and assisting, on the 23d day of February, 1865, Johnson and Ross to escape from the jail. To construe this language as charging the defendant with aiding and assisting one prisoner to escape at one time, and the other at a different time in the same day, would be forced and unnatural. The idea which any one would naturally get from reading it is, that the defendant was charged thereby with aiding the two prisoners, at the same time, or as one act, to escape.

It is true, as insisted by the counsel for the plaintiff in error, that the punishment is greater for aiding Ross, who was charged with the crime of murder, to escape, than that for aiding Johnson, who was charged with larceny. Still, if the aiding them both to escape was but one act, then but one offense was committed, and on conviction the defendant would be liable only to the greater punishment.

The objection that the statute (sec. 12, ch. 167, R. S.) under which the indictment was found, is not broad enough to embrace prisoners or inmates of the prison, does not appear to us well taken. The language of the statute is, "Every person who shall by any means whatever aid or assist," &c. This language is very comprehensive, and we see no good reason why a prisoner, in aiding his fellow prisoners to escape, may not commit the offense as well as one outside the prison.

*By the Court.*—The judgment of the court below is affirmed.