# O'Brien *v.* The State.

*Indictment for Selling Liquor without License.*

1. *Averment of defendant's christian name.*—An indictment which describes the defendant as "W. P. O'Brien, whose christian name is to the grand jury unknown," is authorized by statutory provision (Code, § 4376), and is not repugnant, or self-contradictory.

2. *Nolle-prosequi.*—A *nolle-prosequi* in a criminal case, entered before the defendant has been put in jeopardy, is not a bar to a further prosecution for the same offense.

3. *Witnesses before grand jury; indorsement of names on indictment; election.*—There is no rule of law which requires the solicitor to indorse on the indictment the names of the witnesses before the grand jury, on whose testimony it was found, or to introduce on the trial a witness whose name is so indorsed ; and on a prosecution for retailing liquor without license, the name of B. being indorsed on the indictment as the witness who appeared before the grand jury, if another person is first introduced as a witness, who testifies to an illegal sale of liquor to him by the defendant, and that he had given testimony in reference to it before the grand jury, and further, on cross-examination, that he did not know the person whose name was indorsed

on the indictment, and had never seen the defendant sell liquor to him, or in his presence; the defendant can not be allowed to prove that another indictment was in fact found on the testimony of said witness before the grand jury, that a *nolle-prosequi* was entered in that case, and that the indictment on which he is being tried was found on the testimony of the witness whose name is indorsed on it, and who has not been introduced by the prosecution.

4. *Criminal act violative of two statutes.*—A single criminal act may be violative of two different statutory provisions, as an illegal sale of whiskey on Sunday; but, though a prosecution may be maintained for a violation of either statute, a conviction of one is a bar to the other, and it is no defense to the first prosecution that the offense was a violation of the other statute.

FROM the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

The indictment in this case charged, "that W. P. O'Brien, whose christian name is to the grand jury unknown, sold spirituous, vinous, or malt liquors, without a license and contrary to law." The record does not show that any demurrer, or other objection, was interposed to the indictment; and the judgment-entry recites that the defendant pleaded not guilty. But the defendant's pleas, as set out in the record, were: "(1) that the offense charged, and for which he is now put on trial, was, to-wit, on the 16th January, 1890, *nol-prossed,* and defendant discharged, by the order and judgment of this court, which judgment has never been set aside or reversed, but remains of full force;" (2) not guilty; and no demurrer to the first plea, or any action on it, is shown. The name of *John Bobbs* was indorsed on the indictment, as the witness before the grand jury. The proceedings on the trial are thus stated in the bill of exceptions.

"*E. O. Ellerson* was examined as a witness in behalf of the State, and testified, substantially, that within twelve months before the finding of the indictment, in precinct No. 15 (Anniston), he purchased corn whiskey from the defendant, in less quantity than a quart, and paid him twenty cents for it; and that said purchase was made on Sunday, June 23d, 1889. Said witness further testified, on cross-examination, that he was before the grand jury that found the indictment, and there testified to having purchased said whiskey from defendant; that he purchased another drink of whiskey from defendant on the same day, but at a later hour, and never purchased any liquor from him on any other occasion; that he did not know *John Bobbs,* whose name is indorsed on the indictment as a witness before the grand jury, and never saw the defendant sell him any liquor, nor sell to any other person in his presence. The defendant testified, in his own behalf, that he did not sell any whiskey to said Ellerson. This was all the evidence in-

troduced, but the defendant offered to prove that two indictments were found against him by the grand jury for selling whiskey, on the testimony of said Ellerson before them as to the identical sales to which he testified on this trial, and that each of said indictments was *nol-prossed* by the order and judgment of said court on the 16th January, 1890." The State objected to this evidence, on the ground that it was "irrelevant and immaterial;" which objection the court sustained, and the defendant excepted. "The defendant then offered to prove that the indictment in this case was found on the testimony of said John Bobbs, and that he testified before the grand jury to a sale of whiskey to him by the defendant." The State objected to this evidence, on the ground that it was "irrelevant and immaterial;" which objection the court sustained, and the defendant excepted. "No further evidence being offered, the court charged the jury, that if they believed from the evidence, beyond a reasonable doubt, that the defendant, within twelve months before the finding of this indictment, sold whiskey in said precinct No. 15 in quantity less than a quart, without a license, and contrary to law, they must find him guilty; but if from the evidence they have a reasonable doubt of his guilt, they must acquit him. To this charge the defendant excepted."

KELLY & SMITH, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—Objection is made to the form of the indictment, in that it charges "that W. P. O'Brien, whose christian name is to the grand jury unknown," &c. It is very clear, that the grand jury used the letters "W. P." as initial letters of a name, and not as a name. The use of the words immediately thereafter, "whose christian name is unknown," is conclusive of this question. It is an averment by the grand jury that the defendant has a christian name, not expressed by the letters used, but which to the grand jury was unknown. This ruling is entirely consistent with the case of *Jones v. State*, 63 Ala. 28, and *Gerrish v. State*, 53 Ala. 480. The allegation in the indictment was authorized by section 4376 of the Code.

A *nolle-prosequi* before the defendant has been placed in jeopardy, by the impanelling and swearing the jury, and the entering of his plea, does not absolve the defendant from liability from further prosecution for the same offense. Its only effect is to end the then prosecution.— *Walker v. State*, 61 Ala. 32.

The defendant was indicted for selling whiskey without a license, and contrary to law. It appears there were three indictments pending against the defendant, each charging him with a violation of law substantially in the same language. At common law, it was necessary to lay some definite time in an indictment. This is not required under the statute, unless "time is in some way a material ingredient of the offense." It is sufficient, under the statute, to charge that the offense was committed before the finding of the indictment.—*McDade v. State*, 20 Ala. 82; Code, § 4373. Each sale of whiskey without a license is a separate offense, for which the offender is liable to separate indictment. The proof must show that the offense was committed within the period prescribed by law for such prosecution.

Two of the three indictments had been disposed of by *nolle-prosequi*. On the trial of the third, the defendant offered to introduce testimony to show that the State's witness in the present trial was before the grand jury, and that he testified before that body of two separate offenses, and that his name appeared as the State witness on the two indictments disposed of by *nolle-prosequi*. The defendant further offered to prove by another witness, whose name appeared on the indictment under which he was being prosecuted, as a State witness, that this witness was also before the grand jury, and gave evidence of a similar violation of law, at a time different from those to which the other witness testified, before the grand jury.

This testimony was properly excluded. The grand jury had preferred three indictments against the defendant, for like violations of the law. For reasons satisfactory to the court, the defendant was put upon trial for only one of them. It was entirely within the discretion of the solicitor, by leave of the court, to *nolle-prosequi* either indictment, and to prosecute the defendant for any violation of law charged and covered by the remaining indictments. It is no ground of complaint for the defendant, that he was not tried under each several indictment. There is no rule of law in this State, which requires the solicitor to place the names of witnesses who appeared before the grand jury on any particular indictment. If there had been three counts instead of one in the indictment, evidence of each violation of the law might have been given in by the State on the one trial, although under our practice there could have been but one conviction. As there was but one count, the State was bound by the doctrine of election, under this indictment, where a single act is a violation of the law, and would have been held to the first offense testified to by the State's witness.—*Elam v. State*, 26 Ala. 48.

[Ramsey v. The State.]

Furthermore, the evidence offered was irrelevant to the issue before the jury.

The evidence shows that the whiskey was sold on Sunday, and it is contended that the defendant was guilty of a violation of the Sunday law, and can not be convicted under this indictment. According to this argument, if the defendant had been indicted for a violation of the Sunday law, he could, with equal force and correctness, have contended that he was guilty of a violation of the law forbidding a sale of whiskey without a license, and therefore could not be prosecuted for a violation of the Sunday law, and thus escape punishment altogether. The present conviction is a bar to any prosecution under the Sunday law, and if the party had been tried for a violation of the Sunday law, and the same act had been given in evidence on that trial, it would have presented a bar to the present prosecution. If a party plays cards in a public place on Sunday, he may be prosecuted under either statute; but a conviction under one is a bar to a prosecution under the other. *Moore v. State*, 71 Ala. 307; *Hurst v. State*, 86 Ala. 606.

There is no error in the record, of which the appellant can complain.

Affirmed.