# Grider *v.* The State.

*Indictment for Embezzlement.*

1.  *Embezzlement; what necessary to constitute statutory offense.* In order to sustain a conviction for the offense of embezzlement by a clerk or agent under the statute (Code, § 4659) it must be proved (1) that the accused was the clerk, agent, servant or apprentice of a private person; (2) that the money came into his possession by virtue of his employment; (3) that he embezzled or fraudulently converted it to his own use or fraudulently secured it with the intent to convert it to his own use; and on a trial under an indictment for embezzlement, where there is no evidence tending to show that the defendant either received, from or for his employer, any money which he could possibly convert or embezzle, the defendant can not be convicted.

APPEAL from the County Court of Macon.
Tried before the Hon. M. B. ABERCROMBIE.

The appellant in this case was prosecuted and convicted in the county court of Macon county, for embezzlement. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

JENKS & BLUE, for appellant, cited *Pullam v. State,* 78 Ala. 31; *Brewer v. State,* 83 Ala. 113; *Lucas v. State,* 62 Ala. 26; *Walker v. State,* 117 Ala. 42.

CHAS. G. BROWN, Attorney-General, for the State, cited 10 Am. & Eng. Ency. Law, 1026; *State v. Baumhager,* 28 Minn. 226; *Kerr v. People,* 110 Ill. 645; *Brown v. State,* 10 Ohio St. 497.

HARALSON, J.—For a "clerk, agent, servant, or apprentice of any private person or persons," to be guilty of embezzlement under the statute, he must have fraudulently converted to his own use, or the use of another, money or property which came into his possession by virtue of his employment.—Code, § 4659.

For a conviction of the offense, it has been held, it is essential that the prosecution establish the propositions, (1), that the accused was the clerk, agent, servant, or apprentice of a private person; (2), that the money or property came into his possession by virtue of his employment; (3), that he embezzled, or fraudulently converted to his own use, or fraudulently secreted it with intent to convert it to his own use.—*Pullam v. State,* 78 Ala. 31; *Reeves v. State,* 95 Ala. 41.

Waiving the question whether or not the defendant was the agent of the prosecutor, and the alleged errors of the court in the exclusion of evidence offered by defendant for the purpose of showing that he was not the employe, or agent of the prosecutor, there is nothing in the evidence tending to show that defendant ever received from or for him any money which he could possibly convert or embezzle. The charge of embezzlement for which the State elected to prosecute was, that in the account which defendant rendered for his expenses incurred while in the services of the prosecutor, there is an item, of May 9th, 1900, of 35 cents for one meal, paid to W. M. Bates, the contract being that prosecutor

was to pay defendant's expenses while traveling. The proof relied on by the State to convict was, that this was a false charge, which it introduced evidence tending to show,—the defendant, on the other hand, introducing evidence tending to show that it was a correct charge. But, whether correct or not, one of two things remains true, first, if not correct, then no money was paid out for the meal and there could have been no misappropriation or conversion of it; and second, if the amount was actually paid as defendant deposed it was, it was as yet his own money, since there is no evidence that the prosecutor ever advanced it, or any other sum to him with which to pay expenses, or that defendant collected for prosecutor funds out of which the amount was retained; and in either case, the crime of embezzlement of the amount was impossible. If the charge was false, made with the view of charging the prosecutor with that much more than defendant actually paid out by way of expenses, and to that extent to gain an advantage of prosecutor on final settlement for services rendered, of whatever offense, if any, the defendant may have been guilty, it could not have been of embezzlement in such a transaction.

The court, therefore, erred in not charging the jury as requested by defendant, that if they believed the evidence they must find for defendant.

Reversed and remanded.