# Pierson *v.* The State.

*False Pretence.*

(Decided Feb. 9, 1909. 48 South. 813.)

*Criminal Law; Former Jeopardy.*—While, under the facts in this case, the state might have proceeded against the defendant under either sections 6920 or 6845, Code 1907, yet, if a prosecution is had under the latter section and the defendant acquitted, such acquittal was a bar to his further prosecution for obtaining the money, etc., under false pretenses.

APPEAL from Pike Law Court.

Heard before Hon. A. H. OWENS.

Ramon Pierson was convicted of obtaining money under false pretenses, and appeals. Reversed and remanded.

The affidavit, on which the trial from which this appeal was taken was held, is as follows (omitting formal charging part) : "Before me, R. E. McLure, a justice of the peace in and for said state and county, personally

[Pierson v. The State.]

appeared G. W. Henderson, who, being first duly sworn, deposes and says, on oath, that he has probable cause for believing, and does believe, that in said county and within 12 months before making this affidavit Ramon Pierson did falsely pretend to G. W. Henderson, with intent to defraud, that he was 21 years of age, and by means of such false pretense entered into a written contract to work and labor for the said G. W. Henderson, and thereby obtained from the said G. W. Henderson $16 in money, of the value of $16, the personal property of said G. W. Henderson," etc.

The special plea, which was stricken on motion of the solicitor, is as follows: " Now comes the defendant in the above-entitled cause and says in answer that he ought not to be further prosecuted on said cause, for that he has been tried and acquitted on said case in your honor's court, the law court of Pike county, Alabama, at the July term, 1908, on complaint sworn out by G. W. Henderson, before O. Worthy, a notary public and ex officio a justice of the peace, and made returnable to the law court of Pike county, said complaint being as follows [omitting the formal charging part] : 'G. W. Henderson, who, being duly sworn, says, on oath, that he has probable cause for believing and does believe that in Pike county, within 12 months before the making of this affidavit, Ramon Pierson, with intent injure or defraud his employer, G. W. Henderson, entered into a written contract for the performance of an act or service of said G. W. Henderson, and thereby obtainned $16 in money from the said G. W. Henderson, and with like intent, and without just cause, and without refunding such money, refused or failed to perform such act or service. [Omitting the formal . conclusion and signature.] The defendant says that on this complaint he was tried in your honor's court at the July term, 1908,

of the law court of Pike county, and acquitted of this charge in said court; that he is the identical Ramon Pierson that was charged in said complaint and acquitted in said law court of Pike county before your honor; and that G. W. Henderson was the identical G. W. Henderson that made the complaint in said court. The defendant further says that, he having been acquitted of this offense once in the law court of Pike county he ought not to be further prosecuted in this case. Wherefore he prays judgment," etc.

BOYKIN OWENS, for appellant. Counsel discusses assignments of error but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State. The plea of jeopardy falls for want of support in proof. The court's reading of the statute was permissible.—*Holly v. The State*, 75 Ala. 14. The objection to the verdict is not good.—*Washington v. The State*, 106 Ala. 58.

ANDERSON, J.—While the affidavit, in the case at bar, charges an offense (false pretense) under section 6920 of the Code of 1907, and the plea sets up that the defendant was acquitted of a charge (for violating a labor contract) under section 6845, the averments of the plea show the same parties, and that the essence of each offense was the fraudulent getting of $16 by the defendant from G. W. Henderson. Whether the money was obtained through a fraudulent and false representation as to the defendant's age, or by fraudulently entering into a written contract, the gist of each offense was fraud in obtaining the money, in the absence of which there could be no conviction under either charge.—*State v. Vann*, 150 Ala. 66, 43 South. 357. The state would

have the right to proceed under either statute; but, when one involves the essential ingredient of crime involved in the other, the conviction or acquittal of one is a bar to the other.—*Moore v. State,* 71 Alt. 307; *State v. Blevins,* 134 Ala. 214, 32 South. 637, 92 Am. St. Rep. 22; *O'Brien v. State,* 91 Ala. 25, 8 South. 560.

The trial court erred in striking the defendant's special plea, and the judgment of the said court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.