(80 South. 730)

MITCHELL et al. v. STATE. (8 Div. 614.)

(Court of Appeals of Alabama. Nov. 12, 1918. On Rehearing, ——, 1918. On Further Rehearing, Dec. 17, 1918.)

1. CRIMINAL LAW ⬳195(1)—FORMER JEOPARDY—PLEA.

In order to sustain a plea of former jeopardy against an appropriate demurrer, it must appear with certainty to a common intent from the averments that the offense or some grade or degree thereof charged in the second indictment was embraced in the first, and that there was a verdict of the jury on the issues presented or an unauthorized withdrawal of the case from the jury.

2. CRIMINAL LAW ⬳178—FORMER JEOPARDY—DISMISSAL.

Where defendants were indicted under first section of Code 1907, § 7677, as amended by Acts 1911, p. 380, for injuring a railroad, and evidence showed them guilty under second section of placing an obstruction on the track, and their motion to exclude evidence for variance was granted, and solicitor under sections 7155 and 7156 dismissed prosecution and obtained order holding defendants to answer a proper indictment, this did not constitute a former jeopardy.

3. CRIMINAL LAW ⬳177—FORMER JEOPARDY—ESTOPPEL.

Defendants by motion to exclude evidence on theory of a variance and by securing favorable action thereon estopped themselves to plead that trial and judgment as a former jeopardy in a trial upon an indictment for the crime shown by such proof.

On Further Rehearing.

4. CRIMINAL LAW ⬳296—PLEAS—DEMURRER—CONSTRUCTION OF PLEADING.

On demurrer to averments of a plea of former jeopardy the plea will be construed most strongly against the pleader.

Bricken, J., dissenting.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Earley Mitchell and Coleman Prince were convicted under an indictment charging them with placing an obstruction or impediment upon railroad tracks in a manner rendering liable any engine, car, or other vehicle thereon to be thrown from the track. From the judgment of conviction, they appeal. Affirmed on rehearing.

Wert & Lynne, of Decatur, for appellants. F. Loyd Tate, Atty. Gen., for the State.

BRICKEN, J. This is a joint appeal by the two defendants named. They were jointly tried and convicted under an indictment preferred by the grand jury of Morgan county at the November term, 1917, of the circuit court. This indictment contained two counts, as follows:

"The grand jury of said county charge that before the finding of this indictment Earley Mitchell and Coleman Prince did wantonly or maliciously place an impediment, to wit, a cross-tie, upon the track of the Louisville & Nashville Railroad Company, a corporation, in such manner as to render liable any engine, car, or other vehicle to diverge or to be thrown from the track upon which it was running."

"(2) The grand jury of said county further charge that before the finding of this indictment Earley Mitchell and Coleman Prince did wantonly or maliciously place an obstruction or impediment, to wit, a cross-tie, upon the railroad tracks of the Louisville & Nashville Railroad Company, a corporation, in such manner as to render liable any engine, car, or other vehicle to diverge or be thrown from the track upon which it was running, against the peace and dignity of the state of Alabama."

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Before entering upon the trial under this indictment, the defendants interposed a plea of former jeopardy, in which they allege that they were, on, to wit, May 9, 1917, arraigned on an indictment which is set out in their plea; that they pleaded not guilty, and were jointly placed on trial before a jury; that all the witnesses for the state were examined, and that at the conclusion of the testimony the defendants moved to exclude the evidence from the jury; that thereupon the solicitor moved to dismiss the cause, and that the defendants be held to await the action of the grand jury in preferring another indictment; that the court granted this motion over the objections of the defendants and made an order dismissing the cause and holding the defendants to await another indictment. The plea also alleges that defendants are charged in the present indictment with an offense which is based upon and is of the same transaction as alleged in the indictment on which they had formerly been tried and placed in jeopardy. This plea was in due form and properly verified.

The solicitor demurred to this plea, assigning as grounds of demurrer that it was filed after the defendants had pleaded not guilty to the indictment, and therefore came too late, and on the further grounds that the plea failed to allege that they had been put upon trial for the same offense as charged in the indictment. The court sustained the demurrer.

The judgment entry recites that upon the defendants being arraigned they filed a plea of former jeopardy, and therefore the judgment entry shows that either the plea of former jeopardy was filed before the plea of not guilty was entered, or that the court had allowed the plea of not guilty to be withdrawn and the plea of former jeopardy to be filed. This, of course, was within the sound discretion of the court.

The material question, therefore, is as to whether or not there was error in sustaining the demurrer to the plea of former jeopardy. The record shows that the indictment upon which the defendants were tried and convicted was drawn under section 7677 of the Code of 1907, as amended by the act approved April 12, 1911 (Acts 1911, p. 380). The indictment follows the language of the statute and is sufficient to charge an offense. The plea of former jeopardy shows that these defendants were first placed upon trial under an indictment which was drawn under section 7677 of the Code of 1907. Under the averments of the plea, the defendants had been placed in jeopardy under this indictment. Turk v. State, 140 Ala. 110, 37 South. 234. It is evident that the court based its ruling in sustaining the demurrers to the plea on the ground that the indictment under which the appellants were placed on trial charged a different offense from that upon which they had been placed in jeopardy on the first trial.

Section 7677 of the Code as amended (Acts 1911, p. 380) denounces three distinct offenses, to wit: (1) Wantonly or maliciously injuring a railroad; (2) placing impediment or obstruction on a railroad in such manner as to render liable an engine, etc., to diverge or be thrown from the track; and (3) for salting the track of a railroad for the purpose of attracting cattle thereon.

The first indictment upon which these defendants were put to trial charged them with having injured a railroad by placing an obstruction thereon, and, as before stated, was drawn under section 7677 of the Code of 1907. The indictment upon which the defendants were tried, or the new indictment, was also drawn under the same section (7677) of the Code, as amended, and charged an offense under the second clause of the section. The plea of former jeopardy clearly shows that the one act of placing the obstruction, to wit, a cross-tie, on the track, was the same offense for which the defendants were prosecuted. The state thereby had elected to prosecute them for placing it on the track and injuring the railroad, and had elected to prosecute the crime in one of its phases, and therefore could not afterwards prosecute the same criminal act under another phase. Hurst v. State, 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79; Moore v. State, 71 Ala. 307. In other words, the state, having elected to prosecute the defendants, and under a good and valid indictment placed the defendants upon their trial for the offense of having placed the cross-tie on the track, and injuring the railroad, could not again prosecute them for the same act of placing the cross-tie upon the track in such manner as to be liable to cause an engine to diverge or be thrown therefrom. Furthermore, in the instant case it cannot be doubted that, under section 6311 of the Code of 1907, the defendants could have been found guilty under the first indictment of an attempt to injure the railroad, etc., which lesser offense was included in the greater offense charged in the indictment, and under the provisions of said section the jury could have found the defendants not guilty of the offense as charged, but, if the evidence warranted it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt. The offense charged in the first indictment was also embodied in the second indictment; and the former jeopardy as laid in this plea was a defense to them as against that indictment. It has repeatedly been held that one cannot be prosecuted for two offenses growing out of the same act. State v. Johnson, 12 Ala. 840, 46 Am. Dec. 283; Foster v. State, 39 Ala. 234; Drake v. State, 60 Ala. 44; Walkley v. State, 133 Ala. 188, 31 South. 854.

We are therefore of the opinion that the court erred in sustaining the demurrer to the plea of former jeopardy. It is not neces-

sary to discuss other questions contained in the record. For the error pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

BROWN, P. J. (dissenting). [1] In order to sustain a plea of former jeopardy against an appropriate demurrer, it must appear with certainty to a common intent from the averments of the plea that the offense or some grade or degree thereof charged in the second indictment was embraced in the first indictment.

"This is ascertained by applying the established test whether the facts alleged in the indictment for the latter offense, if proved to be true, would warrant a conviction on the first indictment." Foster v. State, 39 Ala. 233; Harrison v. State, 36 Ala. 248; Henry v. State, 33 Ala. 389; Gordon v. State, 71 Ala. 315; Sanders v. State, 55 Ala. 42; Foster v. State, 88 Ala. 182, 7 South. 185.

And it must further appear that there was a verdict of the jury on the issues presented or an unauthorized withdrawal of the case from the jury.

[2] When this test is applied, the defendants are concluded by the very judgment set up in their plea showing that the first indictment upon which they were put to trial charged them with the offense denounced by the first clause of the statute, wantonly or maliciously injuring a railroad, while the proof offered showed that they were guilty of the offense denounced by the second clause of the statute, wantonly or maliciously placing an obstruction upon the track of a railroad in such manner as to render an engine or car running thereon to diverge or be thrown from the track—the offense charged in the second indictment. It is well settled that, however closely connected in point of fact the offenses may be, if in contemplation of law they are distinctly different, the indictment and trial for one is not a bar to an indictment and trial for the other. Gordon v. State, supra.

The case presented by the defendants' plea is not that of one act constituting a violation of two or more statutes and an election by the prosecution of one of these offenses by indictment, trial and conviction, or acquittal, as in Hurst v. State, 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79, or the case of entering upon a trial under a valid indictment for some grade of the same offense as charged in the second indictment, and a suspension of that trial and the discharge of the jury at the instance of the prosecution, as in Turk v. State, 140 Ala. 110, 37 South. 234. But the case here presented is where the defendants are charged in the indictment with one offense, and the evidence offered shows that they were guilty of another offense, and, in order to prevent their conviction, the defendants, by motion to exclude the evidence on the ground of a variance between the averments and proof, invoked a ruling in their favor, and the solicitor, as authorized by the statute (Code, §§ 7155, 7156), dismisses the prosecution and obtains an order of the court that the defendants be held to answer a proper indictment. This, under all the adjudicated cases, is not former jeopardy. McClellan v. State, 121 Ala. 20, 25 South. 725; White v. State, 49 Ala. 344; Weston v. State, 63 Ala. 155; Martha's Case, 26 Ala. 72; Johnson v. State, 134 Ala. 54, 32 South. 724; Page v. State, 61 Ala. 16; McClerkin v. State, 105 Ala. 107, 17 South. 123.

[3] The defendants, by their motion to exclude the evidence on the theory of a variance between the averments and proof and by securing the favorable action of the court thereon, estopped themselves to plead that trial and judgment as former jeopardy. State v. McFarland, 121 Ala. 45, 25 South. 625; Kendall v. State, 65 Ala. 492; Morrisette v. State, 77 Ala. 71; Gunter v. State, 83 Ala. 96, 3 South. 600; 1 Mayf. Dig. 490, § 12.

"Our Constitution, following the parallel principle of the common law, provides that 'no person shall, for the same offense, be twice put in jeopardy of life or limb'—a safeguard of liberty which, under our Anglo-American system of jurisprudence, has always been regarded by our courts with a sanctity scarcely second to that accorded to the right of trial by jury. The purpose of the courts should be so to apply this constitutional guaranty as to protect the citizen from vexatious criminal prosecutions, and at the same time not to defeat the chief design of our penal laws, which, apart from their reformatory aspect, have in view the double aim of protecting society and preventing crime." Hurst v. State, 86 Ala. 606, 6 South. 120, 11 Am. St. Rep. 79.

The ruling of the court on the demurrers to the plea was free from error.

## On Rehearing.

BRICKEN, J. On rehearing the majority of the court are of the opinion that the conclusion reached by BROWN, P. J., in his dissenting opinion, and his reasons therefor, are correct, which results in the application for rehearing made by the state being granted, and that the judgment of reversal be set aside, and the judgment of conviction in the lower court be affirmed. In this the writer does not concur, but adheres to the original opinion as being correct, and is of the opinion that the plea of former jeopardy does not show any favorable action of the court at the instance of the defendant such as would estop the defendants from pleading that they had been formerly placed in jeopardy under a valid indictment for the same offense of which they were convicted on the second trial. To the contrary, the plea shows an adverse ruling to the defendants,

to which ruling of the court they duly reserved an exception.

Other questions raised on this appeal are free from error.

Application for rehearing granted, judgment of reversal set aside, and judgment of conviction affirmed.

Application granted, reversal set aside, judgment of conviction affirmed.

## On Further Rehearing.

PER CURIAM. [4] The application for rehearing in this case is not rested on the theory that the opinion of the court erroneously states the law, but rather upon the theory that the court has misinterpreted the record. Counsel in argument state:

"Judge Brown holds that defendants estopped themselves by making a motion to exclude the evidence on the theory of a variance between the averments and proof. No such motion was made by the defendants. On the contrary, this was the contention of the state and the ruling of the trial court, and against which the defendants entered objection."

The utterances in the opinion were in response to the ruling of the trial court on the demurrers of the solicitor to the defendants' plea of former jeopardy, and for the purpose of showing that the contention of appellant's counsel is not sustained, we quote from the plea. The plea, after showing the former indictment setting it out in hæc verba (charging the defendant with the offense denounced by the first clause of the statute, wantonly or maliciously injuring a railroad), avers, among other things:

"The defendants pleaded not guilty to said offense, and were by the state of Alabama in due form of law jointly placed on trial before a jury of their country. And defendants further say that witnesses for the state [naming them] were examined in due form of law before said court and jury, and the evidence of said witnesses made out a case against the defendants for the malicious or wanton placing of an obstruction on the track of the Louisville & Nashville Railroad Company in such manner as to render liable any engine or car running thereon to diverge or be thrown from the track (the offense denounced by the second clause of the statute), and the state rested its case; that the defendants moved the court to exclude the evidence from the jury, and said motion was argued by the counsel for the state and for the defendant, and the court announced that he thought the motion was well taken; thereupon the solicitor for the state moved the court to dismiss the case before the jury retired, and hold the defendants; that defendants objected to such order, and moved the court to instruct the jury to bring in a verdict for the defendants; that the court, against the objection and exception then made, rendered the following ruling and judgment, to wit [omitting caption]: 'Comes the state of Alabama, by its solicitor, and the defendant in person and by attorney into open court, and the defendant having heretofore been arraigned in open court, and having entered his plea of not guilty, and trial being entered upon, and it appearing to the court from the evidence that there is a variance between the allegations of the indictment and the proof, in this, that the indictment charges a malicious or wanton injury to the railroad of the Louisville & Nashville Railroad Company, and the proof showing the malicious or wanton placing of an obstruction upon the track of said railroad in such manner as to render liable any engine or car running thereon to diverge or be thrown from the track, and the defendant not consenting to allow the indictment to be amended, the prosecution was dismissed before the jury retired, and it is ordered by the court that another indictment be preferred against the defendant,' " etc.

The plea then avers:

"The said jury was discharged from further deliberations upon the case, against the objection and exception of the defendants. Defendants aver that they are now charged in this present indictment with an offense which is based upon and is of the same transaction alleged in the first indictment aforesaid, all of which defendants are ready to verify," etc.

While this plea does not in terms aver that the motion of the defendants was rested on the ground that there is a variance between the averments and proof, it embodies the judgment of the court in response to the motion, which shows, at least by clear implication, that the motion was predicated on this idea, and the defendants will not be permitted to set up this judgment as establishing their immunity from further prosecution, and at the same time dispute its solemn adjudications. Moreover, in view of the facts stated in the plea, a motion to exclude the evidence on any other ground than of variance between the averments and proof could not have been made with any degree of good faith or seriousness. Aside from these considerations, one has but to apply the general rule that on demurrer the averments of the pleas will be construed most strongly against the pleader, and all doubtful intendments will be resolved against him, to read into the plea the averment that the motion was based upon the ground of a variance between the averments and proof. Scharfenburg v. New Decatur, 155 Ala. 651, 47 South. 95; Argo v. Sylacauga Merc. Co., 12 Ala. App. 442, 68 South. 534.

The plea of former jeopardy in Pierson v. State, 159 Ala. 6, 48 South. 813, was sustained on the same principle as the plea in Hurst v. State, 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79, that the defendant had been tried and acquitted under an indictment for the same act which constituted a violation of two distinct statutes, and in this case, if the defendants had allowed the case to proceed to a verdict on the first trial, a plea of former jeopardy could have been sustained, but to sustain the plea on the showing here made would amount to a nullifica-

tion of the statute which provides against just such contingencies.

We find no merit in the application, and it is therefore overruled.

Application overruled.