## SHUTTLEWORTH *vs.* THE STATE.

[INDICTMENT FOR TRADING WITH SLAVE.]

1.  *What constitutes offense of receiving article or commodity from slave.*—Under an indictment founded on section 3285 of the Code, a conviction may be had on proof that the prisoner received from the slave named in the indictment "a black bottle filled with whiskey," although the whiskey may have been "the controlling cause of the reception of the bottle;" nor is malice an ingredient of the offense.

2. *Evidence in mitigation or aggravation.*—In adjusting the punishment of a mis-
demeanor, where the amount of the fine is not fixed by a definite standard,
the jury may always look to "the surrounding circumstances as proved, in
mitigation or aggravation of the damages."

FROM the Circuit Court of Bibb.

Tried before the Hon. PORTER KING.

THE indictment in this case charged, that the prisoner,
Philip Shuttleworth, "received of a slave named Sandy,
belonging to Wesley Shuttleworth, one black bottle, and
one quart of whiskey, without first obtaining the consent
of the master, owner, or overseer of said slave, verbally
or in writing, expressing the articles permitted to be so
received from said slave." "It was proved on the trial,"
as the bill of exceptions states, "that within twelve months
before the finding of the indictment, and in said county,
the defendant received from the slave named in the in-
dictment, who was proved to be the property of the per-
son named in the indictment, a black bottle filled with
whiskey; and that this occurred on Sunday, at a spring
about a half-mile from a church where preaching was then
going on, and persons were passing between the church
and the spring. The court charged the jury, 'that it was
no offense to receive the whiskey, but, if they believed
the evidence, and that the bottle, disconnected from the
whiskey, was an article or commodity, they would find
the defendant guilty'; and 'that they would look to the
surrounding circumstances as proved, in mitigation or
aggravation of the damages.' The defendant excepted to
each of these charges, and then requested the court to
instruct the jury, 'that if they believed the whiskey was
in the bottle at the time of its reception by the defendant,
and was the article most earnestly wanted by the defend-
ant, then he could not be convicted under this indictment;'
also, 'that before they could find the defendant guilty,
they must believe from the evidence that the bottle was
received as an article or commodity disconnected from the
whiskey, and that the whiskey was not the controlling
cause of the reception of the bottle;' also, 'that the re-
ception of the bottle by the defendant must be a malicious

reception, before they could find him guilty.' The court refused each of these charges, and the defendant excepted to their refusal."

WM. R. SMITH, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—The section of the Code, under which the plaintiff in error was indicted, is in the following language: "§ 3285.—Any person who sells to, or buys or receives from any slave, any other article or commodity of any kind or description, without the consent of the master, owner, or overseer of such slave, verbally or in writing, expressing the articles permitted to be sold to, or bought or received from such slave, first obtained, must, on conviction, be fined in not less than ten or more than two hundred dollars, and may be imprisoned not more than six months." The articles or commodities which are excluded from the operation of this section by the word *other*, are vinous and spirituous liquors, which are the subject of section 3283 of the Code. The indictment in this case is for receiving from a slave, without the consent of the master, owner or overseer, one black bottle and one quart of whiskey. The whiskey is a commodity for which this section makes no provision, and the defendant was convicted for receiving the bottle.

The section we are considering constitutes three several acts, misdemeanors, viz., selling to, buying from, and receiving from a slave, any article or commodity, &c. The word *receive*, we apprehend, was inserted, to obviate the difficulty of proving, in many cases, an actual sale. It is much more comprehensive than the word *sale*. Its meaning, in this section, is, "to take, as a thing offered; to accept."

The words, *article* and *commodity*, are used in this section, mainly, in the same sense. They at least embrace most moveable things, which can become the subject of commerce between white persons and slaves. A black bottle comes clearly within this definition.

The question may arise, will every act of receiving from

a slave, without the consent of the master, owner, or overseer, any commodity which is an article of commerce, amount to an infraction of section 3285 of the Code? If not, what rule can be prescribed for determining when a case is within, and when without the statute? We will endeavor to answer these questions, so far as the wants of this record seem to render an answer necessary.

We hold, then, that whenever the proof satisfies the jury that an article or commodity of value has been received from a slave, and it does not appear that the consent of the master, owner or overseer had been given, a case is made which is, *prima facie*, within the penal provisions of the statute. This construction is necessary, to give to the statute the wholesome operation it was designed to have, and to arrest illicit commerce with slaves.

On the other hand, there are acts of mere courtesy, or kindness, which may be received at the hands of a slave, which are not within the spirit of the enactment, and are not covered by its provisions. We instance, a vessel in which water is handed; in such case, the surrounding circumstances repel all imputation of criminality. Many other cases may be supposed, which we need not particularize.

In the present case, the receipt of the bottle, under the circumstances disclosed in the testimony, constituted a *prima-facie* case of guilt; and the fact that the bottle, at the time, was filled with a commodity for which the statute makes no provision, does not, *per se*, impair the force of the act of receiving the bottle. It still remained a commodity, and there is nothing in the record which brings this case within the exception above noted.

The affirmative charge of the court is in accordance with these views. The first and second charges asked by defendant, should not have been given. The act of receiving the bottle could not be rendered harmless, by the fact that the commodity with which the bottle was filled was more earnestly wanted than the bottle, or a more controlling cause of the reception. Neither is malice an ingredient of this statutory misdemeanor.

[2.] In misdemeanors, the punishment of which is not

fixed by a definite standard, the jury should always have reference to the surrounding circumstances, in adjusting the punishment.—See Rosenbaum v. The State, 33 Ala. 354. We find nothing in this record to exempt this case from the general rule. The record does not purport to set out all the evidence; and if necessary, we would presume the case furnished surroundings, which shed light on the degree of criminality. If the defendant apprehended that the jury might give weight to any immaterial circumstance, it was his privilege to request an explanatory charge. He did not do so.

We find no error in the record, and the judgment of the circuit court is affirmed.