### CARROLL v. STATE. (7 Div. 830.)

(Court of Appeals of Alabama. June 20, 1922. Rehearing Denied Oct. 24, 1922.)

1. False pretenses ⊗⟹4—Material elements of offense stated.

In a prosecution for obtaining possession of a horse by false pretenses, the material inquiry is whether defendant falsely pretended with intent to defraud, and by that means obtained the horse, and the question whether he derived any personal benefit by getting the horse is immaterial.

2. Criminal law ⊗⟹815(1)—Charges not requiring jury's finding be based on evidence are bad.

Charges which did not require the finding of the jury to be based on the evidence in the case were bad.

3. False pretenses ⊗⟹7(4)—That prosecutor should have detected pretense held immaterial.

Whether prosecutor should have detected the falsehood or false pretense is not a material inquiry.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Charles Carroll was convicted of obtaining a horse by false pretenses, and he appeals. Affirmed.

Hugh Walker, of Anniston, for appellant.

A doubt as to the defendant's guilt, which reasonably arises out of the evidence, after consideration by the jury, is a reasonable doubt of his guilt, and a charge asserting this proposition should be given. 92 Ala. 51, 9 South. 600. If a defendant, who is charged with having obtained property by · false pretenses, got no benefit from the property alleged to have been thus obtained, this fact is proper to be considered by the jury. 60 Ala. 58. If the party from whom the property is alleged to have been obtained had at the time the means of detecting the falsity of the pretense, it was his duty to use such means, and if he does not the party charged should not be convicted. 69 Ala. 242, 44 Am. Rep. 515.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charges not requiring the finding of the jury to be based upon the evidence in the case are bad. 17 Ala. App. 506, 86 South. 179. Whether the prosecutor could have avoided imposition from the false pretense, if he had exercised ordinary prudence and discretion to detect the falsity, is not a material inquiry. 69 Ala. 242, 44 Am. Rep. 515.

MERRITT, J. The defendant was convicted of the offense of obtaining the possession of a horse by false pretense, and was sentenced to the penitentiary for an indeterminate term.

The errors complained of relate to the refusal of the trial court to give certain written charges requested by the defendant.

Charge 1 was covered by the court's oral charge and given written charges 1, 2, 4, 5, 8, 11, and 12.

⊗⟹For other cases see same topic and KEY-NUMBER in all Key ·Numbered Digests and Indexes

[1] It is immaterial whether the defendant derived any personal benefit by getting the horse in question, if he got it, and this was not a fact to be considered by the jury along with the other evidence in this case. The material inquiry is whether the defendant falsely pretended, with intent to defraud, and by means of such false pretense obtained the horse. It may, however, have been an advantage to defendant to obtain possession of the horse, even though he did afterwards deliver it to another.

[2] Charges 3 and 4 are bad in that the finding of the jury is not required to be based upon the evidence in the case. Haswell v. State, 17 Ala. App. 519, 86 South. 170.

[3] Moreover, the charges do not correctly state the law. The point raised in these charges is that, if the injured party had, at the time the pretense was made, the means of detecting the falsehood or the pretense, and failed to use such means to detect the falsehood, the defendant should be acquitted. The contrary rule is laid down in Woodbury v. State, 69 Ala. 242, 44 Am. Rep. 515, as follows:

"Whether the prosecutor could have avoided imposition from the false pretense, if he had exercised ordinary prudence and discretion to detect its falsity, is not a material inquiry. * * * The prosecutor had a right to rely on the representation, and there was no obligation or duty to the prisoner to inquire into its truth, or whether he was dealing fairly and honestly."

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.