S. M. BROWN v. THE STATE.

No. 14606.   Delivered December 16, 1931.

The opinion states the case.

*Niblo & Dodd* and *Jed C. Adams,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is swindling; the punishment, confinement in the penitentiary for two years.

The state's testimony was, in substance, as follows:   Roy Brown had a life insurance policy in The National Life and Accident Insurance Company, a corporation, of Nashville, Tenn.   Appellant, who was named as beneficiary in the policy, had been paying the premiums on said policy. On July 16th, 1928, appellant presented to J. A. Foster, manager of the Dallas office of the company, purported proof of the death of Roy Brown. This instrument had appended thereto appellant's affidavit.   As beneficiary, appellant claimed the sum of $511.35.   Mr. Foster had no authority to pass on and settle claims in excess of $300.   Hence he sent the claim to the home office at Nashville.   A check in the sum of $511.35, payable to the order of appellant, and signed by The National Life and Accident Insurance Company, was sent to Mr. Foster with instructions to deliver it to appellant.   Mr. Foster delivered the check to appellant and he cashed it.   Roy Brown was not dead, and testified as a witness on the trial of the case.

The court submitted several counts to the jury, among them being count No. 3, in which it was alleged that J. A. Foster was the injured party.   It was averred in this count that the representations were made

to Foster; that he was the owner of the check; and that he parted with the title and possession of the check to appellant. The jury specifically found appellant guilty under the third count. Appellant contends that there is a variance between the allegation as to ownership in the count upon which he was convicted and the proof. We quote from the testimony of J. A. Foster, a state's witness, as follows:

"Whenever there is a policy, claim, sometimes I send the proof of death to Nashville and sometimes I don't. At that time I was paying them up to three hundred dollars. I didn't have authority to pay up to five hundred dollars at that time. I always sent those to the home office with my suggestions and opinion on the claims and they passed on the claims and instructed me what to do. All the time they wouldn't send a check if they approved the claim; they would send a check and many times they would write back and say for us to issue a check. In this instance they sent a check, this one here, payable to S. M. Brown or order and in substance a letter of instruction for me to deliver it to Brown. I couldn't pass on that claim under my authority; it had to go to the home office in Nashville, Tennessee. I passed on the claim as being a valid claim and made that suggestion to them in my letter, but they had a right to turn it down. They approved that statement on the proof of loss they had. I approved it as far as I was concerned. Of course, I know they had the power above me to pass on the loss. They had the say whether it was approved or not, whether it would be paid or not and they sent the check back here and I had it simply for the purpose of delivering it to Brown according to my instruction and that is what I did. * * * It was in my charge and I turned it over to Mr. Wylie to be delivered to S. M. Brown when he came and called for it."

The case of Whitaker v. State, 85 Texas Crim. Rep., 272, 211 S. W., 787, presented a situation similar to that involved here. In holding that there was a variance between the proof and allegation as to ownership, Judge Davidson, speaking for the court, said:

"If the name only of the injured party is alleged it is proper and sufficient to prove that the injured party was an individual, but if the proof under such allegation should show that the injured party was a corporation there would be a variance. See Faulk v. State, 38 Texas Crim. Rep., 77; Spurlock v. State, 45 Texas Crim. Rep., 282. In this instance the allegation was that Coffee was the injured party and from whom the property was obtained, and that he was the owner of the property so obtained. It would be necessary under this allegation in the information to prove that Coffee was the owner of the property, and that it was obtained from him as his property. In other words, that he was the party who was swindled. If the proof should show that some party other than Coffee was swindled by the transaction, that would constitute a variance between the allegation and the facts. The State's case would

thereby be defeated. The evidence of Coffee, the alleged swindled party, is that he cashed a check for the defendant on the 31st day of August, 1918, paying him the cash for it. He was an employe of the Stewart Products Company's service station and took the money out of the cash register and gave it to appellant for the check. 'It was the Stewart Products Service Station money I paid him for the check.' This does not meet the allegation in the information, that it was Coffee's property. The State's testimony shows the money belonged to the Stewart Products Company and not to Coffee. There is no attempt to show that Coffee was the special owner and had exclusive possession, control and management of the property, but as an employe of the Stewart Products Company he took their money and cashed this check. Under this record it was the Stewart Products Company that was swindled, if there was a swindle, and not Coffee. This matter is presented in various ways, and specially by two bills of exception."

We are unable to distinguish the facts of Whitaker's case from those of the case at bar. Hence we are constrained to sustain appellant's contention. In his exceptions to the charge of the court appellant specifically called the trial court's attention to the fact that the proof showed that Foster was not the owner of the property in question, and objection was made by appellant to that part of the charge submitting the third count.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.