

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~XXXXXXXXXSON~~
**ATTORNEY GENERAL**

January 10th, 1939

Mr. W.S. Bussey
Chief Weights & Measures Division
Department of Agriculture
Austin, Texas

Dear Sir:        Opinion No. O-73

        Re: Definition of PUblic Weigher

      We acknowledge receipt of yours of the 6th instant which quotes that part of article 5680, R.C.S. 1925, defining "a public weigher" and asking the following question:

      "Will you please advise this Department whether the above definition includes the weighing of cattle and other livestock in Texas?"

      Article 5680 above referred to reads as follows:

      "Any person engaged in the business of public weighing for hire, or any person, who shall weigh or measure any commodity, produce or article, and issue therefor a weight certificate or weight sheet, which shall be accepted as the accurate weight upon which the purchase or sale of such commodity, produce or article is based, shall be known as a public weigher, and shall comply with the provisions of this chapter. The provisions of this article shall not apply to the owners, managers, agents or employees of any compress or any public warehouse in their operation as a warehouseman. This exemption shall not apply in any manner to any Texas port." (Acts 1919, p. 168.)

      It follows that "a public weigher" is first either-

      * * * "any person engaged in the business of public weighing for hire"

or second -

      * * * "any person who shall weigh or measure any commodity, produce or article and issue therefor a weight certificate or weight sheet, which

shall be accepted as the accurate weight upon which
the purchase or sale of such commodity, produce or
article is based * * * * * * * * * * etc."

The statute gives two (2) definitions therefore of a
"public weigher". The question to be decided is whether or
not either of said definitions include "the weighing of cattle
and other livestock in Texas".

With respect to the first definition, it is too ob-
vious to require an explanation or authorities that "any per-
son engaged in the business of public weighing for hire" of
"cattle and other livestock in Texas" is "a public weigher"
within the purview of the defining article, and as a result,
subject to all provisions of the Texas public weigher laws.
The language of the definition is plain, unambiguous and ex-
plicit. It is not subject to a contrary construction. The
determining words are the phrase "for hire". If the weigher
of "cattle and other livestock" exacts a charge, fee or toll
for the service of weighing, then he is a "public" weigher
and subject to the regulatory terms of the public weigher laws.

But let us suppose a person weighing cattle and live-
stock in the course of a business, occupation or trade does not
enact any fee or charge for the specific act of weighing. In
other words, the weighing of livestock is only a phase of the
transaction of sale, and also a gratuity. The first defini-
tion would not apply because the weighing process was not "for
hire". The question confronting us is whether or not a person
engaged in such a weighing transaction would be covered by the
second definition of "a public weigher". As heretofore indi-
cated, said definition is as follows:

* * * "any person who shall weigh or measure
any commodity, produce or article and issue there-
for a weight certificate or weight sheet, which
shall be accepted as the accurate weight upon which
the purchase or sale of such commodity, produce
or article is based * * * * * * * * * etc."

To bring the weigher of "cattle and other livestock"
within the wording of the above definition of "a public weigh-
er", we must ascertain whether or not "cattle and other live-
stock" constitute "any commodity, produce or article" and also
whether or not "a weight certificate or weight sheet, etc."
is issued by the weigher. The latter is a question of fact.
We are interested in the construction of the words "any com-
modity, produce or article".

In this opinion we do not find it necessary to go be-

yond a consideration of the word "commodity" in order to hold
that "cattle and other livestock" are such commodities as
would bring a weigher of same within the purview of article
5680, provided he issued a weight certificate or weight ticket
accepted as the accurate rate upon which the purchase or sale
of such "commodity" is based.

      In the United States vs. Sischo, 262 Fed., 1001 at
page 1005, the Court, per District Judge Cushman, adopts the
standard dictionary definition of commodity:

      " 'Commodity' is defined as an article of
trade; a movable article of value; something
that is bought and sold".

      Bouvier's Law Dictionary, Rawle's Third Revision, de-
fines "commodity" as "a broader term than merchandise and may
mean almost any description of articles called movables or per-
sonal estate" and cites Shuttleworth v. State, 35 Ala. 415
and State v. Henke, 19 Mo. 25.

      Courtland Bank v. Apthorp, 12 Mass. p. p. 252-256, con-
tains a broad definition of "commodities", but "the vulgar sig-
nification" of the word, to use the Court's language, i.e. goods
and wares, are comprehensive enough to include livestock in
our opinion. The definition is as follows:

      Commodities "embrace everything which may be
subject to taxation and sometimes mean the privil-
ege of using particular branches of business or
employment, as the business of an auctioneer, of
an attorney, of a tavern people, or a retailer of
spirituous liquor, etc. In this sense it signifies
conveniences, privileges, profit and gains, as well
as goods and wares, which are only its vulgar signifi-
cation."

      A mare is a commodity. Barnett v. Powell 16 Ky. (Litt.
Sel. Cas.) p.p. 409-410, in which it was held a statute for-
bidding any person to buy, sell, or receive of, to or from any
slave, "any commodity whatsoever" without leave of his master,
means any movable article or piece of personalty, and embraced
a mare.

      The Court in the case of Bess v. Bander (New York) 29
How. Prac. p.p. 489-492, says of "commodity":

      "The word includes all the movables which are
the objects of commerce."

We note dictum in the case to the effect that, although commodities include-

* * * "everything movable that is bought and sold, unless, perhaps, animals may be excepted".

We are not influenced by said dictum in view of definitions and authorities in the law books. The New York Court would have included "animals" with the scope of the word "commodities", if it had been faced with a necessity of making a decision.

We hold that the term "any commodity" as used in article 5680 includes "cattle and other livestock".

The statute also mentiones "produce". Although unnecessary, in view of our construction of the word "commodity" we have one observation to make in this connection. The word is used in statutes and decisions interchangeably with the words "agricultural products". By statutory definition in many instances, livestock is included within a list of "agricultural products". We give one example as follows:

Article 5738 of the Revised Civil Statutes of 1925, as amended, chapter 8, under "marketing associations" - "(a) The term 'agricultural products' shall include horticultural, viticultural, forestry, dairy, livestock, poultry, bee and any farm and ranch products: * * * * * * *"

If livestock constitute "agricultural products" then it is "produce" within the terms of the statute.

Concerning the word "article" as used in Article 5680, we limit ourselves to the remark that it is often used synonymously with the word "commodity".

We feel constrained to give the broadest construction to a statute designed to protect the public from false, fraudulent weighing and as a result vitally affecting the public welfare. Article 5680, as part of the Texas Public Weighers' Law, has this object. In so doing we are following the cardinal rule of statutory law, which stipulates that the intent of the Legislature be kept in mind in matters of statutory construction. Undoubtedly, in drafting Article 5680, the Legislature intended to include livestock among those commodities and products subject to the public weighers' law for protection of the public.

It is therefore our duly considered opinion that, first

........any person engaged in the public weighing of live-
stock <u>for hire</u> (ours) is a public weigher, and second ......
any person who shall weigh any cattle or livestock and issue
a weight certificate or weight sheet upon which reliance is
to be placed for accurate weight, is also "a public weigher".

Trusting that we have fully answered your inquiry,
we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/Dick Stout
Assistant

DS:OB:wc

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS