76 So.2d 351

**Jimmie H. JOHNSON, Sr.**

v.

**STATE.**

**2 Div. 882.**

Court of Appeals of Alabama.

Nov. 16, 1954.

Rehearing Denied Dec. 7, 1954.

Scott & Porter, Chatom, for appellant.

Bernard Sykes, Acting Atty. Gen., Arthur Joe Grant, Asst. Atty. Gen., and Franklin C. Evans, Butler, Sp. Counsel, for the State.

HARWOOD, Judge.

This appellant stands convicted of the offense of obtaining property by false pretense.

The indictment against the appellant contained three counts.

Count one charged that appellant "did falsely pretend to Albert Evans, the Vice President of The Choctaw Bank of Butler, Alabama, a banking corporation, that there was on deposit or stored in the St. Louis Terminal Warehouse Company No. 406, a bonded warehouse in Choctaw County, Alabama"—(38,786 board feet of No. 2 or better yellow pine lumber in Lots Nos. 532, 533 and 534),—"and did surrender to said Albert Evans as such Vice President —a Warehouse Receipt No. 2124 of the St. Louis Terminal Warehouse Company No. 406 signed by John B. Melton, authorized agent of the said St. Louis Terminal Warehouse Company No. 406, and did receive from the said Albert Evans, acting as aforesaid, Warehouse Release No. 7862, releasing from said warehouse to Johnson and Johnson Lumber Company, Inc., or to Jimmie Johnson, Sr., 'its President'—(a quantity of lumber of the aggregate value of $1239.11),"—The count further charged that at the time the Warehouse Receipt No. 2124 was presented to Evans there was not 38,786 board feet of No. 2 or better yellow pine lumber on deposit or stored in the above mentioned lots in the St. Louis Terminal Warehouse Company No. 406.

Count 2, omitting the formal parts, simply charges that the appellant "did falsely pretend to the Choctaw Bank of Butler, Alabama, a banking corporation, with intent to defraud, that Johnson and Johnson Lumber Company, Inc., a corporation, had 38,786 board feet of No. 2 and better yellow pine lumber, and by means of such false pretense obtained from the said Choctaw Bank of Butler, a banking corporation, towit: A Warehouse Release No. 7862 of the value of $1,239.11".

Count No. 3, omitting the formal parts, charges that the appellant falsely pretended to Albert Evans, Vice President, etc., with intent to defraud, that Johnson and Johnson Lumber Company, Inc., had 38,786 board feet of No. 2 and better yellow pine lumber, and by means of such false pretense obtained from Evans, as such Vice President, etc., "A Warehouse Release No. 7862 of the value of $1,239.11, releasing to Johnson and Johnson Lumber Company, Inc., or to Jimmie H. Johnson, Sr., its President, 47,875 board feet of Yellow Pine Lumber and 513 board feet of poplar lumber, all of said lumber being of the aggregate value of $1,239.11."

The appellant filed a demurrer to the indictment and to each count thereof separately and severally.

Ground 1 in support of the demurrer asserts that the alleged Warehouse Release No. 7862 is not set out, nor are the terms thereof sufficiently alleged so that the court could ascertain whether the alleged procurement thereof by the defendant resulted in, or could have resulted in, a monetary loss to the Choctaw Bank of Butler.

Ground 4 asserts that it is not shown that the Warehouse Release was issued by a legal entity.

The court overruled the demurrer, and this action by the court is urged as error by the appellant. It is our conclusion that appellant's contention in this regard is meritorious.

"It is laid down by many authorities that in indictments for obtaining goods by false pretenses the property should be described with as much accuracy and particularity as in indictments for larceny." 22 Am.Jur. Sec. 97.

Where the property obtained by a false representation is a written instrument, such instrument should be described sufficiently to enable the court to determine that it possessed legal efficacy and therefore some value. See Langford v. State, 45 Ala. 26. This is usually done by setting out the instrument in haec verba, or so much of the legal tenor of the instrument as to definitely identify it and permit the court to ascertain that it creates a legal obligation.

In all three of the counts of this indictment it is charged that the property obtained was a Warehouse Release No. 7862. In none of the counts is it alleged by whom the warehouse release was issued or executed, or in fact that it was signed by any one. Without such averment there is no showing that the alleged false pretense resulted in a legal injury as that term is understood in the law pertaining to false pretenses.

In accord with the above principles is the case of Cheshire v. State, 8 Ala.App. 253, 62 So. 994, wherein it was held that an indictment for false pretense for obtaining "from the said Southern States Fire and Casualty Company of Birmingham, Ala., a policy of insurance against loss by fire of said dwelling house to the amount of $400"—was defective because it was not shown whose signature was thus obtained.

It is our conclusion that an additional error infects this record.

The sole false representation alleged in each count pertains to the representation as to the amount and quality of lumber under the control of the appellant.

In the trial below, Mr. Albert Evans, the Vice President of the Choctaw Bank of Butler, testified that these representations were the sole basis of giving to the appellant the Warehouse Receipt.

During the cross examination of the appellant, and over his timely and appropriately grounded objections, and exceptions, testimony was elicited from him to the effect that he had, previous to the lumber transaction, given to the bank a financial statement on which was listed a certain house as his property, whereas in fact the house was owned by appellant and his wife jointly.

Such evidence was irrelevant and immaterial to the issues of this case which, by the terms of the indictment, were limited to the false representations relative to the amount and quantity of lumber allegedly owned or controlled by appellant. The court therefore erred in its rulings in this instance to the prejudice of the appellant. McKee v. State, 26 Ala.App. 208, 155 So. 888; Meek v. State, 117 Ala. 116, 23 So. 155.

Several other points allegedly constituting error are argued by counsel for appellant in their brief. We reserve consideration of them, and see no useful purpose in discussing them in view of our conclusions as to the points discussed.

Reversed and remanded.