161 So.2d 155

John Howard **CLONTS**

v.

**STATE.**

**6 Div. 978.**

Court of Appeals of Alabama.

Feb. 18, 1964.

County for the offense of obtaining property by false pretense and, upon trial and a plea of not guilty, the jury returned a verdict of guilty as charged. Appellant was sentenced by the trial judge to a period of five years in the penitentiary and from such conviction and sentence, he maintains this appeal.

According to the State's evidence, the appellant, accompanied by two other men, drove an old model automobile into a Texaco Service Station at the corner of 27th Street and 35th Avenue, Birmingham, Alabama around midnight on February 2, 1963, and showed Billy Max Brown, the attendant in charge, a Texaco credit card bearing the name of Charles Noel Carney and ordered five tires and four tubes for the automobile. The attendant testified that appellant had a "pretty strong odor of alcohol" about him. Dr. Carney testified that on December 30 he lost his wallet containing, among other things, his social security card, driver's license and his Texaco credit card. He stated that he had not given appellant the authority to use his credit card and in fact, did not know him.

The attendant testified that, after the appellant had ordered the five tires, he asked him to put them on, and that when he had put the two front tires on, appellant said that he was "too slow for him" and asked that he "just put the other three in the trunk" and he "would have them mounted later".

According to the attendant, the appellant told him that the credit card belonged to him and produced a driver's license bearing the same name as proof. Dr. Carney identified both of these cards as being his property. The attendant then charged the purchases in the amount of $92.40 and appellant signed his name as "Charles N. Carney" on the sales ticket. Two of the tires were mounted on the automobile and the remaining three were placed in the back seat. The attendant stated that the appellant, while at the filling station, offered

Cato & Hicks, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, John Howard Clonts, was indicted by the Grand Jury of Jefferson

to sell him back the four tubes valued at $19.10, for $6.00.

The attendant called the City Police and they came to the service station and arrested the appellant, on behalf of whom no evidence was introduced.

We observe that the appellant assigns and insists on three assignments of error.

Assignment of Error No. 1 is as follows:

"The indictment charged that the property allegedly obtained was owned by an individual. However, the undisputed evidence showed that the ownership of the property was in a corporation. Therefore, there was a fatal variance."

The indictment reads as. follows:

"The Grand Jury of said county charge that, before the finding of this indictment, JOHN HOWARD CLONTS, alias HOWARD CLONTS, alias R. GENE DAY, alias GENE R. DAY, alias HOWARD CLONTS, alias JOHN H. CLONTS, did falsely pretend to Billy Max Brown, with intent to defraud, that he was Charles N. Carney, and by means of such false pretense obtained from the said Billy Max Brown five automobile tires, of the aggregate value of Ninety Two Dollars and Forty Cents, the personal property of H. M. Bonham, against the peace and dignity of the State of Alabama."

■ In indictments for obtaining goods by false pretense, property should be described with as much accuracy and particularity as in indictments for larceny. Johnson v. State, 38 Ala.App. 82, 76 So.2d 351.

■ The above indictment alleged that the ownership of the goods obtained by false pretense was in H. M. Bonham. Evidence taken at the trial of this cause proves that the ownership of the goods was vested in a corporation. When the indictment alleges the property to be owned by one party and the evidence proves the owner to be another party, there is a fatal variance between the allegations and proof.

As pointed out in Easley v. State, 167 Tex.Cr.R. 156, 319 S.W.2d 325, it was held that such a variance required a reversal. In the Easley case the indictment charged theft of $6,000.00 alleged to be corporeal personal property of one person from the possession of a second person who was holding the same for the first person, but the evidence disclosed that the property was not owned by the first person but was instead owned by a corporation, the stock of which was owned by the first person, either individually or as a trustee.

The Texas court, in reversing the Easley case, supra, because of the variance between the indictment and proof as to the ownership of the property, said as follows:

"The state was charged, therefore, with knowledge of the fact that when it alleged in the indictment that the money belonged to H. E. Butt it was required to prove that allegation as laid, and that failure to do so would result in a reversal of the conviction —that is, if the rules of law were to be followed and enforced.

"If the money belonged to the corporation, it did not belong to H. E. Butt. It could not belong to both, without constituting a joint ownership.

"The state wholly failed to prove the material allegation of ownership of the property in H. E. Butt, as alleged in the indictment. To the contrary, it proved that H. E. Butt was not the owner thereof."

Peek v. State, 39 Ala.App. 198, 96 So. 2d 706; Burrow v. State, 147 Ala. 114, 41 So. 987; Brown v. State, 119 Tex. Cr.R. 578, 44 S.W.2d 721; Haines v. State, Fla.App., 113 So.2d 601; Williams v. Commonwealth, 314 Ky. 33, 234 S.W.2d 148; Ala.Digest, False Pretenses, ☜38; Ala. Digest, Larceny, ☜32(6), 40(9) (10).

In the instant case we observe the existence of a situation analogous to the Easley case, supra, in that a fatal variance exists between the allegation of ownership of the property in the indictment and the proof offered on trial with reference thereto. Although this cause must be reversed for such fatal variance, we shall, to insure proper proceedings by the Circuit Court in any retrial hereof, discuss appellant's remaining assignments of error.

Assignment of Error No. 2 is as follows:

"The State utterly failed to prove that the Defendant obtained any property whatsoever by means of a false pretense."

Here, the appellant contends that since he did not drive the car away from the station before the police officers arrived, he did not have the tires in his possession. According to the testimony two of the tires were mounted on the car and others were placed in the back seat. Also the appellant had signed Dr. Carney's name to the sales slip and represented himself to be Carney. For the foregoing reasons we find this assignment of error to be without merit. Carroll v. State, 18 Ala.App. 649, 94 So. 194; Murchison v. State, 32 Ala.App. 427, 26 So. 2d 622.

Assignment of Error No. 3 is as follows:

"That the offense charged in the indictment is a misdemeanor and not obtaining property under false pretense, as Title 14, Section 217(4) Code of Alabama, sets forth the crime committed for the unauthorized use of the credit card."

The fact that our statutes make the unauthorized use of a credit card a misdemeanor, does not prevent the charge of obtaining property by false pretense where, as here, the facts arising out of the use of a credit card embrace all of the elements of such crime. The indictment follows the Code form for indictments charging the obtaining of property by false pretense.

As heretofore stated, for the fatal variance which is raised by appellant's Assignment of Error No. 1 this cause is due to be and the same is hereby

Reversed and remanded.