196 So.2d 729

**Henry T. TEAL**

v.

**STATE.**

**1 Div. 196.**

Court of Appeals of Alabama.

March 14, 1967.

Vivian G. Johnston, Jr., and C. Wayne Loudermilch, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted on a charge that by falsely personating one George K. Miller he received four automobile tires of the aggregate value of $131.92. He was sentenced to two years in the penitentiary.

Code 1940, Title 14, Section 214, reads as follows:

"Any person who, by falsely personating another, and with the intent to injure or defraud, obtains or receives any property intended to be delivered to the individual personated, shall, on conviction, be punished as if he had stolen it."

According to Mr. Bush Cooper, Manager of a Shell service station located at 2200 Halls Mill Road in Mobile, defendant, at approximately 8:00 A.M., on September 7, 1965, bought some motor oil and presented a Shell Oil credit card bearing the name of George K. Miller. He also discussed buying some tires.

Some two and a half hours later when Mr. Cooper returned to the station from breakfast his boys had delivered four super cushion Goodyear tires of the value of $132.00 to defendant. The tires had been placed in the automobile and "they were fixing to put the lid down on his trunk when he drove up." Mr. Cooper made out the invoice for the tires and defendant signed thereto the name of George K. Miller.

In the meantime, Mr. Cooper became suspicious and told defendant it was a rule that they couldn't put tires in the trunk but would have to mount them on the wheels. Defendant said he was in too big a hurry but did agree to let them mount a tire on his extra wheel. While this tire was being mounted Mr. Cooper checked on the tag number of the automobile defendant was driving and then removed the keys from the car. He also called the Tulsa office of the Shell Oil Company to check the credit card. After this telephone conversation he called the police. The Tulsa office had asked to speak with defendant and when he finished talking the police had arrived. Mr. Cooper testified he did not tell defendant he couldn't leave the station; that the spare wheel had not been placed in the trunk but the other three tires were still in the car trunk when defendant was arrested.

Lt. Francis Patrick Fath of the Mobile police department testified that in the course of his investigation he called Bay St. Louis and talked to a George K. Miller.

No evidence was presented in defendant's behalf.

Appellant insists the court erred in overruling his motion to exclude the state's evidence on the ground the state had failed to prove the allegations of the indictment.

It is argued in brief that the state failed to prove (1) ownership of the tires, and (2) that defendant obtained possession of the four tires.

■ The indictment followed the approved form, Section 259, Title 15, Code 1940, form 59, and alleged all the facts necessary to constitute the crime with which defendant was charged. It was unnecessary to allege or prove ownership of the tires.

In Reese v. State, 73 Ala. 18, the court said under the statute making it a misdemeanor to buy, sell, receive, any cotton, etc., after sunset and before sunrise the next day, "And there is receiving * * * whenever there is a charge of possession—when one parts with the control of the product, and another takes and accepts it." See also Shuttleworth v. State, 35 Ala. 415.

■ Under the evidence the defendant had possession of the tires although he was prevented by the removing of the keys from driving the automobile away. See Clonts v. State, 42 Ala.App. 287, 161 So.2d 155.

■ Prima facie, the conduct of defendant was sufficient to show a violation of Title 14, Section 214, Code, supra. The motion to exclude the state's evidence was properly overruled. The judgment is affirmed.

Affirmed