409 So.2d 927 (1981)
Gloria Jean SMITH
v.
STATE.
3 Div. 378.
Court of Criminal Appeals of Alabama.
October 27, 1981.
Rehearing Denied November 24, 1981.
*928 Charles M. Law, Montgomery, for appellant.
Charles A. Graddick, Atty. Gen., and William Dudley Motlow, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
The defendant pled guilty to an indictment charging false pretense in that the defendant fraudulently obtained aid to dependent children and food stamps "in an amount greater than that to which she was entitled." Alabama Code 1975, Section 13-3-90. The one year and one day sentence was suspended and the defendant placed on probation.
The issue in this case is whether or not a person who obtains welfare benefits by false pretenses may be prosecuted for obtaining money or property by false pretenses. The defendant contends that the criminal provisions of the welfare fraud statute preclude prosecution under the general criminal statute of false pretenses.
The crime of obtaining by false pretenses is a felony and is defined by statute.
"Any person who, by false pretense or token and with the intent to injure or defraud, obtains from another any money or other personal property shall, on conviction, be punished as if he had stolen it." Alabama Code 1975, Section 13-3-90.
The crime of "welfare fraud" is a misdemeanor.
"Any person who by means of a false statement knowing it to be false, or by wilful misrepresentation, impersonation or other fraudulent device obtains or attempts to obtain or aids or abets any person in obtaining a public assistance grant, surplus commodities or other benefits administered by the department of pensions and security to which such person is not entitled or a larger amount than that to which he is justly entitled, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than $500.00 and may be sentenced to hard labor for the county for not exceeding 12 months, or both." Alabama Code 1975, Section 38-4-7.
Both Section 13-3-90 and Section 38-4-7 were repealed by the new Criminal Code, effective January 1, 1980. See Table I of Title 13A.
It is apparent that each statute covers activities not covered by the other. The offense of false pretenses is only committed when money or personal property is actually obtained. The obtaining of services by false pretenses is a misdemeanor defined by a separate statute. Alabama Code 1975, Section 13-3-91. The false pretense must have operated as an inducement for the injured party to part with his goods or money. Ex parte Thaggard, 276 Ala. 117, 159 So.2d 820 (1964). Misleading conduct alone does not constitute a false pretense. Eaton v. State, 16 Ala.App. 405, 78 So. 321 (1918).
To be convicted of welfare fraud it is not necessary that one actually obtain anything by his false representation and the crime is complete even though the agency is not actually misled and does not rely on the misrepresentation. The statutory language "other benefits administered by the department" covers services as well as money and property. The crime of welfare fraud is defined to include a false statement or *929 "other fraudulent device." Therefore, unlike the crime of false pretenses, a person may be criminally liable for mere conduct and course of dealing unaccompanied by the employment of a false representation of fact by word, symbol or token in obtaining welfare benefits. Eaton, supra.
However, where one obtains money or property from a welfare agency by false pretenses, both statutes may be violated. In this situation, a person may be prosecuted under either statute.
We find no indication that the legislature intended to punish all welfare frauds as misdemeanors. The title to Alabama Acts 1951, No. 703, p. 1211, in pertinent part only provides, "to provide penalty for false representation", giving no indication that the legislature intended Section 38-4-7 to be the exclusive criminal sanction for all welfare frauds irrespective as to the amount or type of property involved or whether or not anything was actually obtained by the false representation. This is not a situation where the legislature clearly intended to reduce the crime of falsely obtaining welfare benefits from a felony to a misdemeanor. Compare Miller v. State, 349 So.2d 129 (Ala.Cr.App.1977).
A majority of the states that have considered this question have reached a conclusion similar to the one we reach in this opinion. See Anno. 92 A.L.R.2d 421, Section 4 (1963).
The legislature may create two or more criminal offenses which may be committed by a single act. "In such event, the State may elect to prosecute for either offense, or under either statute." Coleman v. State, 290 Ala. 346, 349, 276 So.2d 589 (1973). In the Coleman case the Supreme Court held that a defendant could properly be charged with forgery in the second degree even though his actions also constituted the wrongful use of a credit card. There is no difference in principle between the case before us and Clonts v. State, 42 Ala. App. 287, 161 So.2d 155 (1964), which the Supreme Court followed and found controlling in Coleman. In Clonts the appellate court held:
"The fact that our statutes make the unauthorized use of a credit card a misdemeanor, does not prevent the charge of obtaining property by false pretense where, as here, the facts arising out of the use of a credit card embrace all of the elements of such crime." Clonts, 42 Ala. App. at 290, 161 So.2d 155.
See also Smithson v. State, 34 Ala.App. 343, 39 So.2d 678 (1949).
Under the authority of Coleman and Clonts, we hold that the fact that our statutes make the fraudulent obtaining of public assistance a misdemeanor does not preclude an indictment and conviction of obtaining personal property or money by false pretenses. See also Pierson v. State, 159 Ala. 6, 48 So. 813 (1909), involving the charges of labor fraud and obtaining money by false pretenses.
The different classifications in the range of penalties in the statutes governing the misdemeanor offense of welfare fraud and the felonious offense of deceptive practices do not warrant the conclusion that the legislature intended a case of welfare fraud to be prosecuted only as a misdemeanor. State v. Moore, 570 P.2d 580, 584-5 (Mont. 1977). See also People v. Brooks, 65 Ill.2d 343, 2 Ill.Dec. 726, 357 N.E.2d 1169 (1976); Beech v. State, 162 Ind.App. 287, 319 N.E.2d 678 (1974).
A search of the record reveals no errors prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.