Carl Franklin Duncan was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of manslaughter. The trial judge sentenced the appellant to 10 years' imprisonment in the penitentiary.
On the afternoon of April 22, 1983, the appellant arrived in Tuscaloosa County from Dalton, Georgia, where he had been working on a bridge construction project. Upon arriving in Tuscaloosa County, the appellant went to his company's headquarters on Highway 216. There, he talked with his supervisor and drank two beers. The supervisor said the appellant had been drinking prior to his arrival at headquarters.
When the appellant left headquarters, he proceeded to a trailer also located on Highway 216 which belonged to his friend, Eddie Collins. Bambi Powell, who lived with Collins at the trailer, arrived home around 5:25 p.m. and observed the appellant drinking a beer with Collins. The appellant soon left the trailer.
A car similar to the appellant's was seen "fishtailing" on Highway 216 after leaving Collins' driveway. Moments later, the appellant's car collided with a vehicle driven by Karen Hutson Morris on Highway 216. The collision occurred in Morris' lane of traffic and Morris died as a result of injuries suffered in that collision. A number of beer cans were observed in the appellant's car after the accident.
The appellant was taken to the emergency room of Druid City Hospital for treatment of his injuries. Dr. Harry Goodall ordered a blood alcohol test and the result of that test showed the appellant's blood alcohol level to be .204 percent.
 I
The appellant contends that he should have been indicted for homicide by vehicle as provided in § 32-5A-192, Code of Alabama 1975, rather than for murder as provided in § 13A-6-2, Code of Alabama 1975. The appellant argues that ". . . the State was barred from proceeding against him under § 13A-6-2 because the Legislature of Alabama passed § 32-5A-192 to deal criminally with the situation where the death of a person is proximately caused by *Page 1205 
the operation of a motor vehicle illegally." (Appellant's brief, p. 5).
This argument is totally without merit. The commentary to §32-5A-192 states that "[t]his section is not a bar to prosecution under article 1 of Chapter 6 of Title 13A which is the homicide sections of the Criminal Code." This language clearly states that the legislature did not intend § 32-5A-192
to be the only vehicle for criminal prosecution when an offense such as the one at bar is committed.
"It is clear that the legislature may create two or more criminal offenses which may be committed by a single act.Coleman v. State, 290 Ala. 346, 276 So.2d 589 (1973); Clonts v.State, 42 Ala. App. 287, 161 So.2d 155 (1964)."
"When such an event occurs, the State may want to elect to prosecute for either offense, or under either statute. Coleman, supra, 290 Ala. at 349, 276 So.2d 589; Smith v. State,409 So.2d 927 (Ala.Crim.App.), cert. denied, 409 So.2d 930 (Ala. 1981)." McMurphy v. State, 455 So.2d 924 (Ala.Crim.App.), cert. denied, 455 So.2d 924 (Ala. 1984).
The legislature has created two different offenses which could apply to the appellant's conduct in this cause. The State did not err in electing to prosecute him for murder.
Furthermore, the version of § 32-5A-192 which was in effect at the time this offense was committed was declared unconstitutional in Whirley v. State, [Ms. 3 Div. 25, January 8, 1985] (Ala.Crim.App. 1985).
 II
The appellant argues that the results of the appellant's blood alcohol test should have been suppressed because the results were protected by the doctor-patient privilege since the test was administered as part of the appellant's medical treatment.
The appellant concedes that there is not a statute creating the doctor-patient privilege in Alabama and there is no such privilege under common law. See, C. Gamble, McElroy's AlabamaEvidence, § 413.01 (3rd ed. 1977).
The appellant claims that "the courts of this State have moved in the direction of recognizing a doctor-patient privilege" and urges this court to establish such a privilege. For this proposition, the appellant cites us to Horne v.Patton, 291 Ala. 701, 287 So.2d 824 (1973).
In Horne, supra, a civil case, the Alabama Supreme Court stated that ". . . a medical doctor is under a general duty not to make extra-judicial disclosures of information acquired in the court of the doctor-patient relationship. . ." Horne, supra 287 So.2d at 829-30. (Emphasis added).
We do not find that a doctor-patient testimonial privilege has been established in Alabama by Horne, supra or any other authority. Therefore, the results of the appellant's blood alcohol test were properly admitted during the course of Dr. Goodall's testimony.
This cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.